**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio MEZA, Defendant–Appellant.**

**No. 95–2184.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1995.

Decided Jan. 29, 1996.

Rehearing Denied Feb. 23, 1996.

118

William T. Grimmer, Joseph McCarron, Law Student (argued), Office of the United

States Attorney, South Bend, IN, for Plaintiff–Appellee.

Richard Kammen (argued), McClure, McClure & Kammen, Indianapolis, IN, for Defendant–Appellant.

Before EASTERBROOK, KANNE, and ROVNER, Circuit Judges.

KANNE, Circuit Judge.

The defendant was sentenced to forty-six months incarceration for intentionally conspiring to distribute more than one hundred kilograms of marijuana, and he appeals his sentence. The issue is whether a district court may depart downward from the sentence range prescribed by the United States Sentencing Guidelines if there are perceived disparities among coconspirators' sentences. We reconfirm our agreement with the other circuits that a district court has no such authority and affirm the sentence imposed.

## I

A grand jury sitting in South Bend, Indiana, returned an indictment on March 3, 1994, charging Antonio Meza with fifteen counts of unlawful conduct stemming from his involvement in a marijuana trafficking conspiracy. Several of his coconspirators had already been arrested on January 12, 1993, and had chosen to cooperate with the government. Meza entered into an agreement with the government on January 10, 1995, in which he admitted to Count One of the indictment: intentionally conspiring to possess with intent to distribute more than one hundred kilograms of marijuana, a Schedule I controlled substance under 21 U.S.C. § 812, in violation of 21 U.S.C. §§ 841, 846. In return for this guilty plea, the government promised: (1) to move to dismiss Counts Two through Fifteen of the indictment; (2) not to prosecute Meza for other narcotic distribution activities of which it was then aware; (3) to offer two nonbinding recommendations to the district court pertaining to the calculation of Meza's offense level under the United States Sentencing Guidelines; and (4) to offer two binding recommendations to the district court concerning the length of any incarceration.[1]

The district court held a sentencing hearing on May 5, 1995. It calculated that Meza's offense carried a base level of twenty-six guideline points but that his acceptance of responsibility and timely guilty plea mandated a three-point reduction according to U.S.S.G. §§ 2D1.1(c)(7), 3E1.1. Meza had no criminal history points, so his twenty-three-point total required a sentence range of forty-six to fifty-seven months pursuant to U.S.S.G. § 5A. This guideline range conflicted with the mandatory minimum sentence of sixty months prescribed by 21 U.S.C. § 841, but the district court found that Meza qualified for the guideline sentence range pursuant to 18 U.S.C. § 3553(f), which provides that the guidelines shall control in such conflicts if the defendant meets five qualifications.[2]

Meza's counsel then made an oral motion that the district court depart downward to "equalize or regularize" Meza's sentence in light of those received by his coconspirators. The district court denied the motion, stating that it had no authority to depart under the guidelines and the law of this circuit, and sentenced Meza to a forty-six month term of imprisonment. Meza filed a timely notice of appeal, and he argues that the district court was wrong in determining that it lacked authority to depart downward. We have jurisdiction to review the district court's judgment under 28 U.S.C. § 1291. In addition to meeting the finality requirement of § 1291,

---

1. We note that FED.R.CRIM.P. 11(e)(1)(B) states that a "recommendation or request [for a particular sentence] shall not be binding upon the court." *See United States v. Eppinger*, 49 F.3d 1244, 1250 & n. 7 (7th Cir.1995). The district court, however, stated at the change of plea hearing that it was obligated to follow the government's recommendation were it to accept the plea agreement. We assume that the district court construed the government's promise of a "binding recommendation" as an agreement

"that a specific sentence [was] the appropriate disposition of the case" under FED.R.CRIM.P. 11(e)(1)(C), which may bind the district court should it accept the agreement. *See* FED R. CRIM P. 11(E)(3); *UNITED STATES V. BENNETT*, 990 F.2D 998, 1002 (7TH CIR.1993).

2. These requirements are restated at U.S.S.G. § 5C1.2.

the judgment must qualify under 18 U.S.C. § 3742, which authorizes appeals from sentencing decisions. *See United States v. Franz,* 886 F.2d 973, 981 n. 8 (7th Cir.1989).

## II

### A

■ A district court may depart from the guideline sentence range based upon factors not adequately considered by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b); *Williams v. United States,* 503 U.S. 193, 198, 112 S.Ct. 1112, 1118, 117 L.Ed.2d 341 (1992). Certain factors relevant to departure are described in U.S.S.G. § 5K: § 5K1 addresses departure for cooperation with law enforcement authorities, and § 5K2 lists "some of the factors that the Commission has not been able to take into account fully in formulating the guidelines." U.S.S.G. § 5K2.0. The factors identified in § 5K2 are not, however, the exclusive grounds for departure.

> Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and what extent departure is warranted can only be made by the courts. *Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing court.*

U.S.S.G. § 5K2.0 (emphasis added).

■ This language suggests that departure decisions may originate solely within the discretion of the district court. *United States v. Gaines,* 7 F.3d 101, 105 (7th Cir. 1993). But that discretion is confined by law. The district court must ascertain whether the guidelines adequately account for whatever mitigating factors exist and whether these factors remove the case from the "heartland" of cases covered by the guidelines. The district court's ability to exercise its discretion concerning departures thus hinges upon its finding that the guidelines allow for depar-

ture as a matter of law. If a departure is allowed by the guidelines, then the decision whether to depart may be wholly discretionary. The text of 18 U.S.C. § 3742(a) requires that we determine at which stage in this process the district court reached the decision that is the focus of this appeal.

### B

■ 18 U.S.C. § 3742(a) iterates four categories of authorized appeals by defendants and is akin to a standing requirement. Defendants may appeal sentences imposed "in violation of the law" under 18 U.S.C. § 3742(a)(1), and this subsection allows appellate review of a district court's legal interpretations of the guidelines. *United States v. Poff,* 926 F.2d 588, 591 (7th Cir.) (en banc), *cert. denied,* 502 U.S. 827, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991). The negative implication of the *Poff* holding is that sentencing decisions that do not reflect a legal interpretation of the guidelines are not reviewable under § 3742(a)(1). *United States v. Mittelstadt,* 969 F.2d 335, 337 (7th Cir.1992).

Defendants may also appeal sentences resulting from "incorrect application[s] of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). In *Franz,* this court held that this subsection does not authorize appeals from departure-related decisions under the guidelines. 886 F.2d at 977–78, 980. But, as we noted in *Poff,* the *Franz* appeal involved a discretionary refusal to depart. 926 F.2d at 591. *See also United States v. Prevatte,* 66 F.3d 840, 843 (7th Cir.1995) (stating that court of appeals lacks jurisdiction to review discretionary refusals to depart downward). This court recently stated that § 3742(a)(2) may authorize appeals from departure decisions that rest on legal misunderstandings or misapplications of the guidelines. *See United States v. Burnett,* 66 F.3d 137, 139 (7th Cir.1995).

■ A defendant may thus appeal a refusal to depart which rests upon legal error, whether of interpretation or application, under 18 U.S.C. § 3742(a). *United States v. Wright,* 37 F.3d 358, 360–61 (7th Cir.1994); *United States v. Winston,* 34 F.3d 574, 581 (7th Cir.1994); *Poff,* 926 F.2d at 591. A

decision not to depart is unreviewable on appeal if based on the district court's discretion. *United States v. Yahne,* 64 F.3d 1091, 1094 & n. 4 (7th Cir.1995).[3] A decision that is entrusted to the district court's discretion cannot, by definition, be a violation of law within the meaning of 18 U.S.C. § 3742(a)(1) or a legal misapplication of the guidelines under § 3742(a)(2). If the defendant does not allege that legal error accounted for the district court's decision, our duty of review is discharged. *United States v. Gomez,* 24 F.3d 924, 927 (7th Cir.), *cert. denied,* ⸺ U.S. ⸺, 115 S.Ct. 280, 130 L.Ed.2d 196 (1994). Where, as in the present case, such error is assigned, we must divine the basis for the district court's decision. *Prevatte,* 66 F.3d at 843–44.

## C

The sentencing memorandum illustrates that the district court's decision represented a legal interpretation of the guidelines. The court reasoned that the guideline provision under which Meza's coconspirators had achieved reductions, U.S.S.G. § 5K1.1, was designed by Congress to produce disparate sentences as an inducement to cooperate with the government. It also found that Meza's case was not outside the "heartland" of conspiracy cases. Relying on these facts and salient circuit precedent, the district court concluded that it "[had] no authority to consider [the defendant's] request" for departure. "Authority" is defined as, among other things, "[l]egal power; a right to command or act." BLACK'S LAW DICTIONARY 133

(6th ed. 1990). The district court concluded that it was constrained by the law not even to consider the defendant's request.

Although neither party offers a precise basis for our jurisdiction under § 3742(a),[4] we conclude that this appeal arises under § 3742(a)(1). The substance of Meza's argument, as discussed below, is (1) that his sentence conflicts with the "spirit and purpose" of the guidelines, and (2) that the government's conduct implicates the Fifth Amendment's Due Process Clause. We therefore characterize this appeal as seeking review of a final sentence "imposed in violation of law" under 18 U.S.C. § 3742(a)(1). We review *de novo* the district court's legal interpretation of the guidelines. *United States v. Ritsema,* 31 F.3d 559, 564 (7th Cir.1994).

## III

Meza alleges that the disparity between his sentence and those of his coconspirators warrants a downward departure. As documented by the district court, this argument flies in the face of circuit precedent that such disparities are not a valid basis for departure from the guideline sentence range. We announced this rule in *United States v. Edwards,* 945 F.2d 1387, 1398 (7th Cir.1991), *cert. denied,* 503 U.S. 973, 112 S.Ct. 1590, 118 L.Ed.2d 308 (1992), and we have reaffirmed it whenever appropriate. *See, e.g., United States v. Austin,* 54 F.3d 394, 403 (7th Cir. 1995); *United States v. Dillard,* 43 F.3d 299, 311 (7th Cir.1994).[5]

---

3. Every other circuit has reached this same conclusion. *See United States v. Ortez,* 902 F.2d 61, 63–64 (D.C.Cir.1990); *United States v. Davis,* 900 F.2d 1524, 1529–30 (10th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Bayerle,* 898 F.2d 28, 30–31 (4th Cir.), *cert. denied,* 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990); *United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990); *United States v. Evidente,* 894 F.2d 1000, 1004 (8th Cir.), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Denardi,* 892 F.2d 269, 272 (3d Cir.1989); *United States v. Tucker,* 892 F.2d 8, 10–11 (1st Cir.1989); *United States v. Draper,* 888 F.2d 1100, 1105 (6th Cir. 1989); *United States v. Colon,* 884 F.2d 1550, 1552–56 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Fossett,* 881 F.2d 976, 978–79 (11th Cir.1989);

*United States v. Buenrostro,* 868 F.2d 135, 139 (5th Cir.1989), *cert. denied,* 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

4. Meza cites only to *Poff* as conferring jurisdiction, and the government states that we have jurisdiction according to § 3742(a).

5. The other circuits also enforce this rule. *See, e.g., United States v. Fonville,* 5 F.3d 781, 783–84 (4th Cir.1993), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 1839, 128 L.Ed.2d 466 (1994); *United States v. Garza,* 1 F.3d 1098, 1100–01 (10th Cir.), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 617, 126 L.Ed.2d 581 (1993); *United States v. Womack,* 985 F.2d 395, 400 (8th Cir.), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 276, 126 L.Ed.2d 227 (1993); *United States v. Ives,* 984 F.2d 649, 650 (5th Cir.),

Meza seeks to circumvent this principle in two ways. First, he claims that the timing of the government's decision to indict and arrest him—long after his coconspirators—deprived him of the opportunity to cooperate for the benefit of a reduction under U.S.S.G. § 5K1.1. He asserts that this fact removes his case from the "heartland" referenced in U.S.S.G. § 5K2.0 because the specific factor leading to the alleged disparity was not considered by the Sentencing Commission. As this case was outside the heartland, the argument runs, the district court had the authority to consider a downward departure, and its contrary conclusion "is in direct conflict with the Sentencing Commission's policy statement" at Chapter I, Part A4(b). Meza's second argument is that our rule classifying disparity among coconspirators' sentences as an invalid basis for departure "not only violates the spirit and purpose of the sentencing guidelines, but is in direct contravention to the policy statement of U.S.S.G. Ch. I, Pt. A, intro. comment. 4(b)." Both arguments are fruitless.

Meza's case is firmly within the heartland. The same policy statement on which he relies describes an "atypical case" (i.e., one outside the heartland) as "one to which a particular guideline linguistically applies but where conduct significantly differs from the norm." U.S.S.G. ch. I, part A4(b). In such cases, the district court "may consider whether a departure is warranted." *Id.* Meza's conduct did not differ significantly from the norm; he pleaded guilty to trafficking in more than one hundred kilograms of marijuana, and the record suggests that one hundred kilograms may be a conservative estimate of his trafficking volume. Nor does Meza argue that his conduct is mitigated by duress or incapacity.

His argument reduces to the claim that he had an interest protected by the Fifth Amendment's Due Process Clause in being indicted and arrested contemporaneously with his partners in crime. The government's decision when to indict and arrest criminal defendants manifests the prosecutorial discretion attendant to the executive department's duty to execute and enforce the law. U.S. CONST. art. II, §§ 1, 3. We decline to add Meza's innovative theory to the already distended purview of due process. *See United States v. Okey,* 47 F.3d 238, 241 n. 5 (7th Cir.1995). This is the end of the road for Mr. Meza because we likewise decline his invitation to visit the well-settled rule that disparity among coconspirators' sentences does not justify departure.

The judgment of sentence is AFFIRMED.

cert. denied, —— U.S. ——, 114 S.Ct. 111, 126 L.Ed.2d 76 (1993); *United States v. Williams,* 980 F.2d 1463, 1467 (D.C.Cir.1992); *United States v. Petti,* 973 F.2d 1441, 1448 (9th Cir. 1992), *cert. denied,* 507 U.S. 1035, 113 S.Ct. 1859, 123 L.Ed.2d 480 (1993); *United States v. Higgins,* 967 F.2d 841, 845 (3d Cir.1992); *United States v. Wogan,* 938 F.2d 1446, 1448–49 (1st Cir.), *cert. denied,* 502 U.S. 969, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); *United States v. Joyner,* 924 F.2d 454, 459–61 (2d Cir.1991); *United States v. Hendrieth,* 922 F.2d 748, 752 (11th Cir.1991); *United States v. Parker,* 912 F.2d 156, 158 (6th Cir.1990).