124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richie C. SHELTON, Defendant-Appellant.
 No. 96-3784.
 United States Court of Appeals, Seventh Circuit.
 Argued June 10, 1997.
Decided Aug. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Division.
 Before Hon. RICHARD D. CUDAHY, Circuit Judge, Hon. JOHN L. COFFEY, Circuit Judge, Hon. FRANK H. EASTERBROOK, Circuit Judge.
 ORDER
 MILLER, Judge.
 
 
 1
 This direct criminal appeal involves only the question of the sentenced imposed by the district judge. More specifically, the defendant, Richie C. Shelton, challenges the sentencing judge's decision not to grant a downward departure pursuant to U.S.S.G. § 5K2.11 or § 5K2.12. The government responds to Shelton's appeal with the assertion that this court does not have jurisdiction in the present case. We agree with the government on this point, and dismiss for a lack of jurisdiction.
 
 I. Background
 
 2
 Even before the events that formed the basis of the present conviction occurred, Shelton was serving time in prison for possession of stolen firearms. 18 U.S.C. § 1623. In May 1996, at which time he was already serving time for the above offense, he was brought before the grand jury to answer questions regarding who had given him the stolen weapons. After initially refusing to answer questions, he eventually testified that Michael Smetanka was not involved in the stolen firearms transactions. As it turned out that this information was not truthful, Shelton was ultimately indicted for making false declarations to the grand jury. 18 U.S.C. § 1623; he was also indicted for resisting a grand jury order. 18 U.S.C. § 401(3). Ultimately he pleaded guilty to one count of violating § 1623.
 
 
 3
 On October 23, 1996, the district court imposed a term of imprisonment of 15 months. Shelton requested that the sentence run concurrently to the 27--month sentence he was then serving for the firearms violation. The district court, citing U.S.S.G. § 5G1.3(a), concluded that because Shelton was serving a term of imprisonment at the time he committed the instant offense, it was required to order his sentence to run consecutively to his undischarged term of imprisonment.
 
 
 4
 The court then discussed Shelton's request for a departure under § 5K2.11 or § 5K2.12. (A reduction under either of these provisions would have the same effect as making part of the 15 month sentence run concurrently to his previous sentence.) Section 5K2.11 provides that a reduced sentence may be in order when the defendant committed the crime to avoid a perceived greater harm. Such is only appropriate if the "circumstances significantly diminish society's interest in punishing the conduct." Id. Shelton argued for such a departure on the ground that he lied to the grand jury at least in part out of fear for his physical safety. The court concluded, however, that, notwithstanding his statements to the contrary, Shelton had not been motivated primarily out of fear of physical harm but out of a commitment to his personal code of ethics, whereby it would be inappropriate to "rat" on others. The court therefore refused to apply the § 5K2.11 departure.
 
 
 5
 Section 5K2.12 allows the district court to depart from the guidelines range when the "defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." It states further that such a departure will be warranted only if the coercion "involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency." The sentencing judge, examining the evidence, concluded that Shelton received no specific threats and perceived only general physical risk, which is not a basis for departure under this provision.
 
 
 6
 The court also considered departure under the catch-all provision of § 5K2.0, which deals with situations not taken into account elsewhere in the guidelines. The court, noting the Supreme Court's statement in Koon v. United States, 116 S.Ct. 2035, 2045 (1996), that such departures will be "highly infrequent," concluded that there was no basis for a departure in the instant case.
 
 II. Analysis
 
 7
 On appeal, Shelton argues that the district court erred in not departing from the Guidelines pursuant to either U.S.S.G. § 5K2.11 or § 5K2.12. In his summary he states that the judge also erred in concluding that § 5G1.3(a) gave him no discretion to impose a sentence concurrent with the one Shelton was already serving. In the argument section of his brief, however, Shelton does not pursue this as a separate issue; he discusses only the § 5K2.11 and § 5K2.12 claims as a basis for departure (or to effectively make the sentence run concurrently). Thus, the issue of whether the district judged erred in concluding that the language of § 5G1.3(a) provides no discretion to the sentencing court is not before us on appeal. If it were, it would not be a persuasive argument as the language of that section provides that under the circumstances listed the "sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." (emphasis added).
 
 
 8
 We have jurisdiction over a defendant's appeal of a sentence only on the ground that it was: 1) imposed in violation of law; 2) resulted from an incorrect application of the Sentencing Guidelines; 3) is outside the applicable Guidelines range; or 4) unreasonable (in the case where there is no applicable Guideline). 18 U.S.C. § 3742(a); United States v. Prevatte, 66 F.3d 840, 843 (7th Cir.1995). For this reason, we lack jurisdiction to review a district judge's discretionary refusal to grant a downward departure. Prevatte, 66 F.3d at 843. However, this court has jurisdiction to review a district court's refusal to depart that rests upon a legal error, either of interpretation or application of the Guidelines. United States v. Meza, 76 F.3d 117, 120 (7th Cir.1996).
 
 
 9
 When, as in this case, the defendant claims the district court committed a legal error while the government claims an exercise of discretion, this court "must divine the basis for the district court's decision." Meza, 76 F.3d at 121. It is only when the district court's refusal to depart rests upon a conclusion that it lacked authority to do so that this court has jurisdiction to review its decision. United States v. Wright, 37 F.3d 358, 361 (7th Cir.1994). Here, the sentencing judge's order clearly indicated that he believed he had authority to depart under either § 5K2.11 or § 5K2.12. He, however, concluded that a departure was not appropriate because the facts of the case did not qualify the defendant for such a departure. By using semantic gymnastics, one could characterize such a course as a "legal" issue subject to review, in that the district court examined the language of these provisions and applied it to the facts as he determined them. However, the correct characterization of the judge's refusal to depart is as an exercise of discretion that is not reviewable. The district court indicated that departure sections in question were available in the appropriate case, but that this was not such a case. Cf. Wright, 37 F.3d at 361 (finding no jurisdiction to review the defendant's sentence where the district court indicated that it "was aware of its authority to depart and simply determined, in its discretion, that the evidence presented by Wright did not warrant departure.").
 
 
 10
 In the present case, the sentencing judge's decision not to depart was based upon an exercise of its discretion and therefore is unreviewable. The appeal is therefore DISMISSED.