# In the
# United States Court of Appeals
## For the Seventh Circuit

—————

No. 03-2747

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MILTON DOWELL,

*Defendant-Appellant.*

—————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 555—**Wayne R. Andersen**, *Judge.*

—————

ARGUED SEPTEMBER 27, 2004—DECIDED OCTOBER 27, 2004

—————

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Milton Dowell was convicted by a jury of two counts of attempted possession with intent to distribute cocaine. The district court sentenced him to 360 months imprisonment under the United States Sentencing Guidelines. Dowell requested a downward departure because of extraordinary physical impairment. The court denied the motion and Dowell appeals. We dismiss for lack of jurisdiction, and thus his sentence stands.

## I.  History

On two occasions in 1998, Milton Dowell attempted to buy cocaine from an undercover agent of the Drug Enforcement Administration. Based on these attempts and several recorded phone calls between Dowell and an informant, Dowell was charged with and convicted of knowingly and intentionally attempting to possess with the intent to distribute approximately one kilogram of cocaine. 21 U.S.C. §§ 846, 841(a)(1).

Dowell does not contest his conviction; he appeals only the sentence. Because of his criminal history and past drug convictions, he is considered a career offender under the Guidelines. Therefore, absent a downward departure, he will serve 360 months to life in prison. Dowell requested a downward departure based on his health problems under U.S.S.G. § 5H1.4, which explains that "an extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." *Id.* The district court heard evidence relating to Dowell's severe heart problems and found that Dowell does need a heart transplant. The court determined, however, that Dowell would most likely receive better care if he remains imprisoned than he would if he were on his own in home detention.[1] Therefore, the court exercised its discretion and denied the downward departure. On appeal, Dowell argues that the sentencing court used an incorrect standard

---

[1] Dowell provided no evidence to the district court that he would be able to finance his own health care if he were sentenced to home detention. It can be presumed that Dowell is indigent because he required appointed counsel for this appeal. It appears, then, that the district court properly determined that it would be difficult for Dowell to pay for adequate care if he were on his own. Thus, if anything, a downward departure resulting in home detention would be worse for Dowell's health.

in denying his motion and that, because the Bureau of Prisons does not provide organ transplants, incarcerating him is a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

## II.  Analysis

Sentences imposed under the Guidelines are subject to appellate review in very limited circumstances. *See* 18 U.S.C. § 3742(a). The sentence may be reviewed if it: "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . .; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." *Id.*

### A.  Discretionary Sentencing Determinations Are Not Subject to Review

This court determined in *United States v. Franz*, 886 F.2d 973, 977-80 (7th Cir. 1989), that a district court's refusal to depart downward may only be reviewed if the sentence was imposed in violation of the law. *See* 18 U.S.C. § 3742(a)(1). Thus, we review the sentence only if there is a legal error involved. There is "no legal error, and therefore no jurisdiction for appellate review of a district court's refusal to depart downward, when the district court understood that it had the legal authority to depart but, in its discretion, chose not to do so." *United States v. Aron*, 328 F.3d 938, 940 (7th Cir. 2003); *see also United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002); *United States v. Albarran*, 233 F.3d 972, 978 (7th Cir. 2000); *United States v. Wright*, 37 F.3d 358, 360-61 (7th Cir. 1994).

The sentencing transcript leaves no doubt that the district court was aware of its legal authority to depart. In fact,

the Assistant U.S. Attorney wisely made sure that this understanding was included in the record. This is a procedure we encourage. The sentencing transcript shows the following:

> ASSISTANT U.S. ATTORNEY: Judge, just to be sure that the record is clear, the Court recognizes it has the authority to depart downward but has refused to as a matter of its discretion?

> THE COURT: Yes. Yes, I think—that is my decision. Obviously, I gave a lot of thought to it beforehand. And the judgment isn't signed yet, but I think that that is probably, frankly, the best thing for, not only society and the law, but for Mr. Dowell, given the options that exist right now.

(Sent. Tr. at 39).

The court understood that it had the power to depart downward but determined that the Bureau of Prisons was better suited to give Dowell the care that he needs. The court allowed Dowell to choose a federal medical center in which to serve his sentence. Because there was no legal error in the sentence, we do not have jurisdiction to review it.

### B.   Dowell's Eighth Amendment Claim Is Without Merit

For the first time on appeal, Dowell raises an Eighth Amendment argument. He claims that the policy of the Bureau of Prisons is to automatically deny requests for organ transplants; therefore, because he needs a heart transplant to live, it is cruel and unusual punishment to sentence him to any term of imprisonment. Because he did not raise this issue in the district court, we now review for plain error. *See United States v. Brumley*, 217 F.3d 905, 909 (7th Cir. 2000). Plain error review is used "to correct only particularly egregious errors for the purposes of preventing a miscar-

riage of justice." *United States v. Kincaid*, 212 F.3d 1025, 1030 (7th Cir. 2000) (internal quotations and citation omitted).

It is true that the government must provide medical care to inmates. *See Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). It is also true that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations and citation omitted).

Dowell does not allege that he has received inadequate medical care while in prison awaiting his trial. He argues only that his rights have been violated because the Bureau of Prisons has a general policy against providing organ transplants. The policy that he cites, however, states clearly that the "Medical Director may make an exception to this rule, if the medical or other facts of a particular inmate's case so warrant." Bureau of Prisons, *Statement of the Federal Bureau of Prisons* (Nov. 18, 1998), *at* http://www.bop.gov/ipapg/ ipaorg.html. Dowell has presented no evidence to show that he is a viable candidate for a heart transplant or that he is being denied the opportunity to receive a new heart by prison officials. Nor has Dowell shown that there has been a deliberate indifference to his medical needs. In fact, he has been and will be receiving care from a federal medical center. Therefore, Dowell's Eighth Amendment claim is without merit.

### III. Conclusion

Dowell's sentence is not reviewable by this court because the refusal to depart downward was a matter of the district court's discretion. Dowell's constitutional arguments are not valid. We therefore DISMISS this claim for lack of jurisdiction and the sentence imposed by the district court stands.

A true Copy:

Teste:

_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***