**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur A. CURETON, Defendant-Appellant.**

**No. 95-2381.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1996.

Decided July 16, 1996.

Thomas P. Schneider, Lisa Warwick (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Keith E. Golden (argued), Golden & Meizlish, Columbus, OH, for Defendant–Appellant.

Before POSNER, Chief Judge, and KANNE and ROVNER, Circuit Judges.

KANNE, Circuit Judge.

Arthur Cureton pleaded guilty to the charges in a two-count superseding indictment, namely: (1) possession with intent to distribute approximately 6.61 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced him on the drug possession count to seventy months in prison under the sentencing guidelines. For the firearm offense, the district court followed the mandate of 18 U.S.C. § 924(c)(1) and imposed a sentence of sixty months in prison, the term to run consecutive to the seventy-month guidelines sentence. Cureton appeals only the guidelines sentence, arguing: (1) that the district court failed to make adequate findings with respect to two of his objections to the presentence report, (2) that the offense-level schedule in U.S.S.G. § 2D1.1(c) is unconstitutional, and (3) that the district court erroneously determined that it lacked the authority to depart downward on the grounds articulated by Cureton. We find no merit in any of Cureton's contentions and accordingly affirm the sentence imposed by the district court.

## I. HISTORY

Prior to Cureton's sentencing hearing, his attorney filed a number of written objections to the presentence report, pursuant to FED. R.CRIM.P. 32(b)(6)(B). In addition to con-

testing several minor factual representations contained in the report, Cureton raised· five objections concerning the guidelines calculation of Cureton's sentence for the drug possession count, asserting: (1) that because the gun found in Cureton's home belonged to his cousin and not him, the probation officer who prepared the report erred in recommending a two-point offense level enhancement under U.S.S.G. § 2D1.1(b)(1); (2) that Cureton was entitled to a two-point reduction in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), as well as an additional one-point reduction for timely acceptance of responsibility under U.S.S.G. § 3E1.1(b); (3) that two of Cureton's prior criminal convictions were "related cases" and thus should have been consolidated under U.S.S.G. § 4A1.2 for the purpose of calculating Cureton's criminal history category; (4) that the guidelines' 100–to–1 disparity between "cocaine" and "cocaine base" in U.S.S.G. § 2D1.1(c) is unconstitutionally vague and meaningless because chemically there is no difference between the two terms; and (5) that a downward departure from the guidelines range under U.S.S.G. § 4A1.3 was appropriate because, due to Cureton's history of abuse as a child, the guidelines' prescribed criminal history category overrepresented the seriousness of his criminal past. After the government submitted its response to Cureton's objections, the probation officer prepared an addendum correcting certain factual representations in the report, based on Cureton's objections, and identifying the remaining unresolved issues for the district court to decide.

At the sentencing hearing, the district court proceeded step by step through the guidelines calculation of Cureton's sentence. First, the district court noted that Cureton's possession of between five and twenty grams of "cocaine base" operated to give him a base offense level of 26 under U.S.S.G. § 2D1.1(a)(3), (c). Counsel for both parties agreed to this finding.

The district court then considered possible adjustments to Cureton's base offense level discussed in the presentence report, and it addressed Cureton's objections concerning these adjustments. With respect to the po-

tential two-step upward adjustment for possession of a firearm under §· 2D1.1(b)(1), the government expressed its willingness to cede the point and acquiesce to Cureton's first objection to the presentence report's recommended guidelines calculation, and the district court accordingly declined to adjust Cureton's offense level upward. The government also agreed to Cureton's second objection requesting a two-point reduction for acceptance of responsibility under § 3E1.1(a) and an additional one-point reduction for timely acceptance of responsibility under § 3E1.1(b). Thus, the district court lowered Cureton's offense level from 26 to 23.

Turning to Cureton's criminal history, the district court noted that the sum under § 4A1.1 of Cureton's past convictions fell within criminal history category V. Cureton's third objection to the presentence report's recommended guidelines calculation asserted that two of his convictions were "related cases" and thus should have been counted only once in determining his criminal history category. The district court declined to rule on this objection, however, explaining that the question was irrelevant to sentencing because regardless of whether the related convictions were counted as one or two prior crimes, Cureton would still fall within criminal history category V.

Having arrived at the prescribed offense level and criminal history category for Cureton, the district court then solicited arguments from both parties concerning whether a departure from the guidelines sentence range was warranted. The government suggested that Cureton should receive a two-level downward departure from the guidelines range, based on the substantial assistance he gave to the government during various debriefings. Cureton's attorney, reiterating his fourth and fifth objections to the presentence report's recommended guidelines calculation, argued that two additional grounds for downward departure were warranted: (1) that Cureton's criminal history category V overrepresented the seriousness of his past convictions, and (2) that the disparity between offense levels in § 2D1.1(c) for· possession of "cocaine" and "cocaine base" is unconstitutionally vague

and meaningless because the two terms are technically synonymous. After considering both the government's and Cureton's arguments, the district court ruled that only the two-level downward departure on the basis of Cureton's substantial assistance was appropriate, and it accordingly departed downward to an offense level of 21 for the purpose of calculating Cureton's sentence.

Before finally entering a sentence, the district court asked if all of Cureton's remaining objections to the presentence report (the factual ones) were satisfactorily resolved in the probation officer's addendum. Cureton's counsel indicated that they were, and so the district court proceeded to impose a sentence for Cureton's drug possession crime. Crossing offense level 21 against criminal history category V on the sentencing guidelines table produces a potential sentence ranging between seventy and eighty-seven months in prison, and the district court chose the low end, seventy months, as Cureton's sentence. Judgment was entered against Cureton the day of the sentencing hearing, and the district court ordered a copy of the sentencing hearing transcript appended to the presentence report as written findings.

## II. ANALYSIS

### A. Adequacy of the District Court's Findings

Cureton's first argument on appeal is that the district court violated FED.R.CRIM.P. 32(c)(1) by failing to make adequate findings concerning Cureton's fourth and fifth objections to the presentence report's recommended guidelines calculation—i.e., his objections that criminal history category V overrepresented the seriousness of his past convictions and that § 2D1.1(c) is unconstitutionally vague. Actually, in his brief Cureton erroneously asserts that the district court violated FED.R.CRIM.P. 32(c)(3)(D), which was amended and redesignated as Rule 32(c)(1) effective December 1, 1994, almost six months before Cureton's sentencing. Old Rule 32(c)(3)(D) provided:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any *factual* in-

accuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

FED.R.CRIM.P. 32(c)(3)(D) (1993) (emphasis added).

By its own terms, old Rule 32(c)(3)(D) mandates specific findings only with respect to *factual* objections, and this court has held that, under Rule 32(c)(3)(D), a district court was not required to make written findings concerning nonfactual challenges to the presentence report. *United States v. Johnson,* 903 F.2d 1084, 1092 (7th Cir.1990). Cureton's fourth and fifth objections to the presentence report's recommended guidelines calculation do not assert any factual inaccuracy, but rather present legal questions—one challenges the constitutionality of § 2D1.1(c) and the other requests the court to make a legal finding that Cureton's history, the facts of which are undisputed, warrants a downward departure on the ground that criminal history category V overrepresents the seriousness of his prior crimes. Therefore, under old Rule 32(c)(3)(D), Cureton's argument that the district court was required to make explicit written findings concerning these two objections would be wholly without merit.

But Cureton's sentencing occurred after the effective date of the 1994 amendments to the Criminal Rules, and thus Cureton's argument must be read as asserting that the district court violated Rule 32(c)(1), and not old Rule 32(c)(3)(D). Like its predecessor, Rule 32(c)(1) requires:

> For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence

report made available to the Bureau of Prisons.

FED.R.CRIM.P. 32(c)(1). However, instead of expressly limiting itself to objections to factual inaccuracies, Rule 32(c)(1)'s use of "matter controverted" refers to all of the defendant's objections to the presentence report under Rule 32(b)(6)(B). Thus, to the extent the defendant raises challenges "to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report," FED.R.CRIM.P. 32(b)(6)(B), the district court must either make a finding with respect to each challenge or a determination that no finding is necessary, and it must append a written record of these findings and determinations to the presentencing report.

Where, as here, a district court attaches the transcript of the sentencing hearing to the presentencing report, we have held that Rule 32's requirement that the district court's findings be in writing and appended to the report are satisfied so long as the district court made adequate findings at the hearing concerning the defendant's objections to the presentencing report. *United States v. Pless,* 982 F.2d 1118, 1129 (7th Cir.1992). Thus, in addressing Cureton's arguments, we must determine whether at the sentencing hearing the district court made sufficient findings with respect to Cureton's fourth and fifth objections.

We have held that Rule 32's requirement that the district court make specific written findings concerning a defendant's objections to the presentencing report serves two important functions: (1) ensuring that the district court addresses all of the defendant's objections prior to sentencing, and (2) providing a record of the resolution of the defendant's objections for the appellate court, prison officials, or other authorities that may later rely on the presentencing report. *Pless,* 982 F.2d at 1128; *United States v. Coonce,* 961 F.2d 1268, 1277 (7th Cir.1992).

■ The district court's findings here were certainly sufficient with respect to Rule 32(c)(1)'s first function. After reading the transcript of the sentencing hearing, there is no doubt in our minds that the district court

considered Cureton's arguments concerning his fourth and fifth objections to the presentencing report's recommended guidelines calculation prior to sentencing him. The record clearly reflects that prior to the district court's ruling that only a two-level downward departure for substantial assistance was appropriate in this case, the court solicited argument from both parties as to whether and why the court should depart from the specified guideline range. At that time, Cureton argued that he should receive a downward departure not only for substantial assistance, but also on the grounds that § 2D1.1(c) is unconstitutional and that criminal history category V overrepresented the seriousness of his prior criminal conduct. Only after entertaining these arguments did the district court determine that the two-level downward departure for substantial assistance was all that was appropriate. Thus, we cannot find that the district court sentenced Cureton without addressing his fourth and fifth objections to the presentencing report's guidelines calculation.

■ As to Rule 32(c)(1)'s second function, we similarly find that the transcript of the sentencing hearing in this case provides an ample record to this court, and to any authorities that might later use the presentencing report, concerning the disposition of Cureton's fourth and fifth objections. We have held that for Rule 32 to be satisfied, "[e]xplicit findings are generally required, but there are no 'magic words' a court must use; so long as it actually resolves the disputed issue on the record, a sentencing court fulfills the purposes of Rule 32." *Coonce,* 961 F.2d at 1278 (citing *United States v. Canino,* 949 F.2d 928, 951 (7th Cir.1991), *cert. denied,* 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546 (1992)). Granted, where a defendant challenges a factual representation in the presentence report—say, the amount of a victim's loss occasioned by the defendant's fraudulent conduct—the district court will generally need to specifically state what it has found the facts to be. *Pless,* 982 F.2d at 1128–29; *Coonce,* 961 F.2d at 1278. Disputed factual issues are subject to a number of different resolutions, and unless the district court spe-

cifically states its findings of fact, an appellate court or prison official may be unable to determine precisely upon what information the defendant was ultimately sentenced or for what conduct the defendant was determined by the district court to be responsible. *See Pless,* 982 F.2d at 1128; *Coonce,* 961 F.2d at 1277–78.

On the other hand, where a defendant merely implores the district court in its discretion to depart downward on the basis of undisputed facts, a clear record of the resolution of this objection need only indicate whether the district court actually departed downward due to the defendant's arguments. We have never required a district court to enumerate its reasons for refusing to depart downward from the guidelines range, *United States v. Abbott,* 30 F.3d 71, 73 (1994) (citing *United States v. Brown,* 985 F.2d 478, 481 (9th Cir.1993)), and we read nothing in Rule 32(c)(1) that counsels otherwise. Here, the district court ruled that only the two-level downward departure for substantial assistance was appropriate in this case, and thus it indicated that a downward departure for the reasons argued by Cureton was unwarranted. This is sufficient to satisfy the mandates of Rule 32(c)(1). Nothing would be gained, in terms of furthering the purposes of Rule 32, by requiring the district court also to go through the formality of explicitly stating: "I find the reasons for downward departure urged in Cureton's fourth and fifth objections to be without merit."

### B. Constitutionality of U.S.S.G. § 2D1.1(c)

In his appellate briefs, Cureton argues that the 100–to–1 disparity in § 2D1.1(c) between base offense levels for crimes involving "cocaine" and "cocaine base" is unconstitutionally vague and meaningless because in a chemical sense the two terms are synonymous. However, we considered and rejected this exact position in *United States v. Booker,* 70 F.3d 488 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1334, 134 L.Ed.2d 484 (1996), decided after Cureton filed his briefs, and thus at oral argument Cureton abandoned this ground for appeal.

### C. The District Court's Refusal to Depart Downward

For his third and final argument on appeal, Cureton attacks the district court's decision not to depart downward on the grounds articulated by Cureton in his fourth and fifth objections to the presentence report's guidelines calculation. Cureton recognizes in his brief that due to the limited jurisdictional grant of 18 U.S.C. § 3742(a), the courts of appeal do not possess jurisdiction to review a district court's discretionary refusal to depart downward from the sentencing guidelines. *See United States v. Meza,* 76 F.3d 117, 120 (7th Cir.1996) (citing *United States v. Prevatte,* 66 F.3d 840, 843 (7th Cir.1995)). However, we may review a district court's determination that it lacks the legal authority to depart. *United States v. Reynolds,* 64 F.3d 292, 298 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 969, 133 L.Ed.2d 890 (1996); *Abbott,* 30 F.3d at 73. As a result, Cureton seeks to circumvent our jurisdictional limitations by asking us to interpret the district court's failure to give reasons for its refusal to depart downward based on Cureton's fourth and fifth objections as a determination that it was without legal authority to depart on those grounds.

Cureton's argument is without merit because we cannot assume that a district court's mere failure to articulate reasons for its refusal to depart indicates that its decision rests upon a finding of law, as opposed to an exercise of discretion, and thus invites appellate review. We have held that "[b]ecause a sentencing court is not obligated to state its reasons for refusing to depart from a sentence within the Guideline range, this Court would ordinarily assume that the district court's failure to utilize a Guideline provision available to it, indicated that it had considered and rejected its application." *Abbott,* 30 F.3d at 73 (citation omitted). *See also United States v. Rosalez–Cortez,* 19 F.3d 1210, 1221 (7th Cir.1994). In order for us to review a district court's decision not to depart as a determination that it lacks the legal authority to do so, there must be some indication in the record that the district believed

it did not possess the authority to depart from the guidelines range. *Reynolds,* 64 F.3d at 298 (citing *Rosalez–Cortez,* 19 F.3d at 1221); *Abbott,* 30 F.3d at 73. The record in this case contains no such indication. Thus, although we doubt seriously whether the district court would in fact have had authority to depart on the grounds urged by Cureton,[1] we need not reach the question because we interpret the district court's decision as a discretionary refusal to depart, which we have no jurisdiction to review. *Meza,* 76 F.3d at 120.

The judgment of sentence entered by the district court is AFFIRMED.

---

1. With respect to his challenge to the constitutionality of § 2D1.1(c), Cureton did not, as one would expect, raise this argument at the sentencing hearing as a challenge to the setting of his base offense level of 26, when possession of a similar quantity of "cocaine" as opposed to "cocaine base" would have resulted in an offense level of 12. *See* U.S.S.G. § 2D1.1(c). Rather, Cureton raised the challenge as a ground for downward departure, arguing ''hopefully there's going to be a change come November 1st in how the United States government recognizes crack cocaine and, again, this was a small amount … versus the kilos that this Court normally sees, and that's going to have an impact on future defendants if they no longer distinguish it from powder cocaine.'' Essentially, Cureton seemed to be arguing that because he (erroneously) believed Congress was likely to alter § 2D1.1(c) in the future, the district court should depart downward in order to prevent him from receiving a sentence that would be disproportionately large in comparison to what he expected future defendants to receive. We know of no authority for a district court to depart downward on the basis of an anticipated congressional amendment to the guidelines.

With respect to Cureton's second asserted ground for departure, although he styled his objection as a claim that criminal history category V over-represented the severity of his past convictions, he has failed to offer any legitimate reasons why category V was over-representative. In his objections to the presentence report, Cureton blamed the past convictions on an upbringing marred by physical abuse. But the fact that Cureton may have been abused as a child is not evidence that his past convictions were any less serious. In his appellate briefs, Cureton offers no reasons whatsoever why criminal history category V is inappropriate. At oral argument, Cureton argued that criminal history category V did not adequately represent his prior convictions because none of the prior convictions were drug offenses. And then, when this court reminded Cureton that § 4A1.1 explicitly does not require that past offenses be related in nature to the present offense, Cureton simply criticized the "overly mathematical" method of calculating sentences under the guidelines. The district court, however, had no authority to consider the mathematical calculation of sentences—the very principle, for better or for worse, upon which the guidelines are premised—as a basis for a determination that criminal history category V did not adequately represent Cureton's past criminal activity.