106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron DURHAM, Defendant-Appellant.
 No. 96-2668.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1996.
Decided Jan. 3, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 3, 1997.
 
 Before COFFEY, FLAUM and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In April 1996 Aaron Durham pleaded guilty to two counts of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 108 months in prison. Durham now appeals the sentence contending that the district court erred in its determination of the amount of drugs attributable to him and that the district court failed to make explicit findings of fact regarding objections to the Presentence Report ("PSR") in violation of Federal Rule of Criminal Procedure 32(c)(1). We affirm.
 
 
 2
 On January 30, 1996 an informant purchased a quarter of an ounce (7 grams) of crack cocaine from Durham at his apartment. The informant bought another quarter of an ounce of crack cocaine from Durham on January 31, 1996 and was fronted an additional quarter of an ounce. On that same day, federal agents executed a search warrant on Durham's apartment in which they seized 4 one-quarter ounce bags (28 grams) of crack cocaine. The PSR indicates that after his arrest, Durham admitted to selling the cocaine to the informant on January 30 and 31 and to receiving two ounces (56.7 grams) 2 or 3 days prior to his arrest.[1] Durham states that the amount of cocaine for which he should be held accountable is 49 grams (one 7 gram sale on January 30, two 7 gram sales on January 31 and the 28 grams seized in the search of his apartment on January 31), but the government relies on the defendant's admission, as related to the probation officer by authorities, in asserting that the amount for which Durham is responsible is 56.7 grams (the two ounces which the agent stated that Durham admitted to receiving 2 to 3 days prior to his arrest).[2] Durham argues that the district court failed to base its determination of the quantity of drugs on reliable evidence and improperly shifted the burden of proof to the defendant to disprove the amount recommended in the PSR.
 
 
 3
 We review the district court's findings regarding the amount of drugs attributable to the defendant for clear error. United States v. Henderson, 58 F.3d 1145, 1151 (7th Cir.1995). In calculating the base level offense for a defendant based upon an amount of drugs attributable to the defendant, "[i]t is ... crucial that the information the district court relies on ... have 'sufficient indicia of reliability to support its probable accuracy.' " United States v. Acosta, 85 F.3d 275, 282 (7th Cir.1996). This is particularly true in drug convictions where "the quantity of drugs attributed to a defendant in a narcotics trafficking case is frequently the single most important determinant of the length of time of the defendant's sentence under the Guidelines." Id. at 281-82. At sentencing, the government bears the burden of proving the amount of drugs attributable to the defendant by a preponderance of the evidence. United States v. Beler, 20 F.3d 1428, 1431 (7th Cir.1994).
 
 
 4
 Here, the district court relied on the information contained in the PSR that Durham had admitted to federal agents that he made the January 30 and January 31 sales to the informant and that he had received two ounces of cocaine 2 to 3 days prior to his arrest. "[W]here a court relies on a PSR in sentencing, it is the defendant's task to show the trial judge that the facts contained in the PSR are inaccurate." United States v. Mustread, 42 F.3d 1097, 1102-03 (7th Cir.1994) (citing United States v. Coonce, 961 F.2d 1268, 1280-81 (7th Cir.1992)). If the defendant meets this burden of production, then the government must demonstrate that the facts contained in the PSR are true. Mustread, 42 F.3d at 1102 (citation omitted). The defendant may not meet his burden simply through "bare denials." Id. at 1102. However, if the PSR relies solely upon a "naked or unsupported charge," the defendant may rebut the reliability of the PSR through a bare denial. Id.
 
 
 5
 Durham's statement to the agents as related in the PSR possesses "sufficient indicia of reliability to support its probable accuracy." The information regarding the two ounces of cocaine (56.7 grams) was not an unsupported charge but was based on statements taken from a federal agent who arrested Durham.[3] Although the district court gave Durham ample opportunity to offer evidence challenging the government's position on the amount of drugs, he declined to do so.[4] The two-ounce amount was not a "naked or unsupported" charge that could be contradicted by a "bare denial" by Durham's counsel. Because Durham offered no evidence contradicting the statement in the PSR, the district court's finding that 56.7 grams of cocaine was attributable to Durham was not clearly erroneous. United States v. Francis, 39 F.3d 803, 810-11 (7th Cir.1994) (affirming district court's reliance on hearsay testimony offered by FBI agent in its determination of the amount of drugs attributable to the defendant when the testimony was corroborated by money transfer records and trial testimony and was not rebutted by defendant); see also United States v. Isirov, 986 F.2d 183, 185-86 (7th Cir.1993) (upholding the sentencing court's reliance on the information contained in the PSR regarding the amount of drugs attributable to the defendant after the defendant offered no evidence contradicting the information except for bare denial and noting that the amount found by the district court was supported by stipulations in the plea agreement and investigative reports and statements of cooperating witnesses).
 
 
 6
 Durham also objected to the PSR asserting that his criminal history category overrepresented the seriousness of his prior offenses. Durham received one criminal history point each for a prior battery conviction and a prior conviction for felony escape from a police officer.[5] Durham was on probation when he was arrested for the possession of cocaine which added two additional points for a total of four criminal history points, which placed him in Criminal History Category III. At the sentencing hearing, Durham and his mother testified as to the facts surrounding his prior convictions in support of the objection. The court heard the testimony, overruled the objection and denied the motion for a downward departure. Durham asserts on appeal that the district court erred in failing to make explicit findings of fact with respect to his motion for downward departure.
 
 
 7
 The government contends that Durham's argument regarding Federal Rule of Criminal Procedure 32 (c)(1) is merely a pretext for actually challenging the district court's refusal to depart downward. The government asserts that this decision is unreviewable on appeal, citing United States v. Poff, 926 F.2d 588, 590 (7th Cir.1991). We agree. This court has no jurisdiction to review a district court's refusal to depart from the Guidelines when the refusal reflects an exercise of the judge's discretion. United States v. Larkins, 83 F.3d 162, 168 (7th Cir.1996); Poff, 926 F.2d at 590. Review is permissible only when the district court declines to depart because it believed it did not possess the discretion to do so, which is a legal conclusion rather than an exercise of discretion. Larkins, 83 F.3d at 168. This court will presume that the district court knew that it had the authority to depart downward but refused to exercise its discretion, and the defendant bears the burden of proving otherwise. Id. Here, it is apparent that the district court knew that it had the ability to depart but refused to do so, and the defendant has not demonstrated otherwise.[6] The judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Durham argued in his Objections to the Presentence Investigation Report (and alludes to this argument during the sentencing hearing) that he never made the statement regarding the two ounces, and that even if he did, no proof exists that he actually sold the cocaine, but could have used the 7 grams personally since it is a "use quantity" and Durham himself used cocaine. Durham, however, makes no mention of this issue in the argument section of his appellate brief, and though mentioned at oral argument and described in his statement of facts, the argument is waived on appeal. Bob Willow Motors, Inc. v. General Motors Corp., 872 F.2d 788, 795 (7th Cir.1989) (citing Fed.R.App.P. 28(a)(4)) (stating that argument regarding sufficiency of the evidence mentioned only in the "summary of the argument" section of brief was waived on appeal)
 
 
 [2]
 There is a two point difference in the offense level for a quantity of cocaine above or below 50 grams. With Durham's criminal history category of three, the sentencing ranges were 87-108 months (50 grams or less) or 108-135 months (over 50 grams). Durham was sentenced to 108 months
 
 
 [3]
 Durham's statement can be considered a statement against penal interest which adds to its credibility. Cf. United States v. York, 933 F.2d 1343, 1363 (7th Cir.1991) ( "The hearsay exception for declarations against interest is firmly established; it rests upon 'the principle of experience that a statement asserting a fact distinctly against one's interest is unlikely to be deliberately false or heedlessly incorrect" ) (quoting Lee v. Illinois, 476 U.S. 530, 551 (1986) (Blackmun, J. dissenting)); United States v. Barnes, 909 F.2d 1059, 1069 (7th Cir.1990) (noting that an informant's admission against his penal interest supports the informant's credibility)
 
 
 [4]
 Durham testified at the sentencing hearing only as to the seriousness of his criminal history, not as to the amount of drugs for which he was being held responsible
 
 
 [5]
 The battery conviction resulted from a fight which broke out in front of a movie theater with an ex-friend whose family allegedly had been harassing Durham and his mother. Durham pleaded guilty to the battery charge and was sentenced to 24 months' court supervision and 60 hours' public service work. With respect to the felony escape, Durham was involved in another fight at the Southern Illinois University student center and was arrested. Upon being left alone briefly, Durham walked out of the police station and then ran away. Durham later was arrested for felony escape, pleaded guilty and was placed on 18 months' probation
 
 
 [6]
 Even if we were to conclude that the issue is reviewable on appeal as a challenge based on Federal Rule of Criminal Procedure 32(c)(1), this claim fails. If a defendant challenges a factual representation in a presentence report, the district court generally should state what its determination of the facts is. United States v. Cureton, 89 F.3d 469, 473 (7th Cir.1996). However, such a specific statement is not necessarily required on a matter within the district court's discretion. Id. at 474 (rejecting the defendant's argument that the district court failed to make adequate findings required by Rule 32(c)(1) regarding the defendant's objection stating that "where a defendant merely implores the district court in its discretion to depart downward on the basis of undisputed facts, a clear record of the resolution of this objection need only indicate whether the district court actually departed downward due to the defendant's arguments" ). The district court heard argument, clearly considered Durham's objection, and expressly overruled the objection. Any additional explanation is unnecessary