**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charmayne COOK, Defendant–
Appellant.**

No. 03–1783.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 2003.

Decided Nov. 6, 2003.

Peter M. Jarosz, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Charmayne Cook, pro se, Alderson, WV, for Defendant–Appellant.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Charmayne Cook pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii). The district court sentenced Cook to seventy-one months' imprisonment, five years' supervised release, and a $100 special assessment. Cook filed a timely notice of appeal, but her appointed counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he deems the appeal frivolous. We notified Cook of her counsel's motion, see Cir. R. 51(b), but she has failed to respond. We therefore confine our review to the potential issues counsel identifies in his facially adequate brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). We agree that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Cook could challenge the voluntariness of her guilty plea on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. But counsel need not have discussed this question because he represents to the court that Cook does not wish to challenge her guilty plea on appeal. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

■ Counsel next evaluates four sentencing issues that Cook wishes to raise on appeal: the district court's drug quantity calculation, Cook's role in the conspiracy, Cook's claim of diminished capacity, and whether Cook's criminal history category over-represents her criminal history. Cook waived two of these potential issues–the drug quantity calculation and her role in the conspiracy–at sentencing.

Where a defendant or his attorney expressly declined to press a right or to make an objection before the district court, the issue is waived and appellate review is extinguished. *United States v. Cooper,* 243 F.3d 411, 416 (7th Cir.2001). Defense counsel objected to the probation officer's original calculation of the amount of drugs attributable to the conspiracy, 425 grams, and succeeded in having the amount reduced to 191 grams. Cook's counsel also objected to the probation officer's failure to recommend Cook for a minor-role reduction, but told the district court at sentencing that he wished to waive the objection. Of course Cook was present at sentencing and therefore had knowledge of her counsel's actions, but she did not object when questioned by the district court. Accordingly, we agree with counsel that it would be frivolous to press either of these first two sentencing questions.

■ The third possible sentencing issue is the district court's refusal to depart downward on the basis of diminished capacity. Cook's counsel argued at sentencing that her "addiction" to her indicted co-conspirator, her depression, and her attention deficit disorder warranted a reduction under section 5K2.0 or 5K2.13 of the sentencing guidelines. But the district court expressly recognized its discretion to depart under both sections, and decided that Cook's case did not warrant a departure. That decision is beyond our jurisdiction to review, see *United States v. Lovaas,* 241 F.3d 900, 902 (7th Cir.2001), so any argument about it would be frivolous.

■ The last of the potential sentencing issues is the district court's refusal to depart downward on the basis that a criminal history category of III over-represents Cook's criminal history. This argument was raised by Cook's counsel at sentencing. Although the district court did not mention this argument when sentencing

Cook, it did not affirmatively misstate its discretion to depart downward on this ground. When the record does not reveal the district court's reasons for refusing to depart, we presume that the court exercised its discretion not to depart. *See United States v. Atkinson,* 259 F.3d 648, 653 (7th Cir.2001); *United States v. Cureton,* 89 F.3d 469, 474–75 (7th Cir.1996). As a subset of this issue, counsel also questions whether Federal Rule of Criminal Procedure 32, requiring the district court to make specific findings concerning a defendant's objections to the presentence report, obligated the district court to make such findings in denying Cook's request. However, Rule 32 does not change the result, as district courts need not enumerate their reasons for refusing to depart. *See Cureton,* 89 F.3d at 474. Consequently, any challenge to the district court's decision would be frivolous.

For these reasons, we GRANT counsel's motion to withdraw, and DISMISS the appeal.