**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel QUINTANILLA, Defendant–Appellant.**

**No. 02–4279.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 16, 2003.

Decided Dec. 17, 2003.

Michael Lang, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Manuel Quintanilla, pro se, Bradford, PA, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

**ORDER**

Manuel Quintanilla pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and two counts of possession with intent to distribute cocaine, *id.* § 841(a)(1). The district court sentenced him to 120 months' imprisonment on each count, to run concurrently, and five years' supervised release. Quintanilla filed an appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential arguments are frivolous. Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those in Quintanilla's response filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that the potential issues before us would all be frivolous, and therefore grant his motion to withdraw and dismiss the appeal.

Counsel contemplates whether Quintanilla might argue on appeal that his guilty pleas should be set aside as involuntary because of noncompliance with Fed. R.Crim.P. 11. Counsel rejects this potential argument because in his view the district court substantially complied with Rule 11, and though we agree with that proposition we note that counsel was not required even to explore the question. In preparing his *Anders* motion, counsel wrote Quintanilla and asked whether he

was even interested in backing out of his guilty pleas; Quintanilla never answered, and without a clear indication of his client's desires, counsel should not have delved into the adequacy of the Rule 11 colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). For his part, Quintanilla contends in his Rule 51(b) response that the district court never verified during the Rule 11 colloquy that he admitted to the conspiracy involving at least five kilograms of cocaine, which Quintanilla believes to be an "element" of the offense given the five-kilogram allegation in the indictment. But Quintanilla's premise is faulty—drug quantity is not an element that must be discussed for a guilty plea to be valid, *see, e.g., United States v. Bolden*, 279 F.3d 498, 502 (7th Cir.2002)—and, more importantly, Quintanilla still does not assert that he wants his guilty pleas vacated, or that the perceived omission rendered them involuntary. Rather, Quintanilla's concern is limited to the length of his prison term, and thus we have no reason to go further in evaluating possible arguments about the voluntariness of his pleas. *See Knox*, 287 F.3d at 671.

■ Quintanilla's satisfaction with his guilty pleas also resolves any potential arguments about events preceding them. Counsel considers whether Quintanilla could argue on appeal that § 841(a)(1) is unconstitutional, that he was entrapped, that the confidential informant who helped build the case against him was unreliable, that he could not have engaged in a conspiracy because the purported coconspirator was the informant, and that the government produced no lab reports at the plea colloquy to establish the type and quantity of drug involved. We agree with counsel that all of these nonjurisdictional arguments would fail on appeal because Quintanilla waived his right to litigate them when he pleaded guilty. *See United*

*States v. Elizalde–Adame*, 262 F.3d 637, 639 (7th Cir.2001); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir.2000).

■ Counsel next turns to several potential sentencing issues, beginning with whether the government established that the conspiracy involved more than five kilograms of cocaine. We would review the district court's drug quantity finding for clear error, reversing only if the evidence was insufficient or unreliable. *See United States v. Jones*, 209 F.3d 991, 994–95 (7th Cir.2000). At sentencing the government introduced transcripts of telephone conversations in which Quintanilla, his coconspirator, and the informant used coded language to discuss a 15–kilogram deal, a fact that Quintanilla acknowledges in his Rule 51(b) response. Indeed, Quintanilla admitted during the plea colloquy that he and the coconspirator delivered almost six kilograms of cocaine to the informant as part of the conspiracy, so any argument that the amount was under five would be patently frivolous.

■ Counsel also asks whether Quintanilla could challenge the district court's determination that he was not a minor participant under U.S.S.G. § 3B1.2, a finding also reviewed for clear error. *See United States v. Carrillo*, 269 F.3d 761, 770 (7th Cir.2001). Quintanilla admitted that he arranged meetings, transported the drugs, and participated in presenting samples to the informant. It would be frivolous for him to argue on appeal that the district court committed clear error in finding that he was not "substantially less culpable" than the other participant in the crime. *See United States v. Oestreich*, 286 F.3d 1026, 1031 (7th Cir.2002).

A third potential sentencing issue identified by counsel is whether the district court should have found that Quintanilla qualified for a sentencing reduction under the safety valve provision in U.S.S.G.

§ 5C1.2. Counsel is correct, however, that this argument would be frivolous because Quintanilla had three criminal history points, and § 5C1.2 is available only to defendants with no more than one point. *See* U.S.S.G. § 5C1.2(a)(1).

We also agree with counsel that any potential challenge to the district court's denial of Quintanilla's request for downward departure would be frivolous. We do not have jurisdiction to review a refusal to depart if the court was aware of its discretion to do so. *United States v. Bosque,* 312 F.3d 313, 318 (7th Cir.2002). Here, the district court did not voice any doubts about its authority to depart, and accordingly we presume that it understood its discretion to do so. *See United States v. Cureton,* 89 F.3d 469, 474–75 (7th Cir. 1996).

What is left is counsel's representation that Quintanilla wants to argue that trial counsel was ineffective. Counsel correctly observes that direct appeal is rarely the place to argue about trial counsel's performance because the evidence necessary to prove ineffective assistance is almost always outside the record. *United States v. Gilliam,* 255 F.3d 428, 437 (7th Cir. 2001). Counsel adds that nothing he has seen in this record hints at deficient performance. When evidence lies outside the record, the proper avenue is to file a motion pursuant to 28 U.S.C. § 2255. *See id.*

We GRANT counsel's motion to withdraw and DISMISS the appeal.