In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3025

United States of America,

Plaintiff-Appellee,

v.

Maurice O. Irby,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:00-CR-10017-001--Michael M. Mihm, Judge.

Argued January 30, 2001--Decided February 14, 2001

Before Flaum, Chief Judge, and Ripple and Rovner,
Circuit Judges.

Flaum, Chief Judge.  Maurice Irby pleaded guilty
to one count of possession of a firearm by a
felon in violation of 18 U.S.C. sec. 922(g)(1).
At sentencing, the district court applied a four-
level upward adjustment to Irby's offense level
under U.S.S.G. sec. 2K2.1(b)(5) based on its
determination that Irby had committed another
felony offense in connection with his use or
possession of a firearm. The court also applied
a two-level upward adjustment under U.S.S.G. sec.
3C1.1 for obstruction of justice on account of
Irby's tampering with a witness. Irby was
sentenced to 92 months in prison, three years of
supervised release, and a $100 assessment. Irby
appeals, challenging the propriety of the
district court's two upward adjustments. For the
reasons stated herein, we affirm the sentencing
decisions of the district court.

I.  BACKGROUND

On January 18, 2000, Maurice Irby was released
from the Peoria County Jail, where he had been
incarcerated for a felony robbery conviction.
Approximately two weeks after his release, Irby
purchased a loaded silver .44 magnum revolver
from an unidentified individual. Irby concealed
the gun under broken pieces of concrete in an
alley. On the morning of February 11, 2000, Irby
retrieved the gun from its hiding place and went
to the home of J.T. Toombs to purchase some
marijuana. Upon arrival, Irby asked Toombs if he

could pay a total of fifteen dollars for two bags of marijuana that had a street value of ten dollars per bag. Toombs agreed and gave Irby the two bags of marijuana. After receiving the bags, Irby noted to Toombs that the bags of marijuana "seemed a little light," and that he felt he was being cheated. At that point, Toombs told his wife to bring him his gun. Irby, fearing for his life, pulled out his own gun, and a struggle ensued between the two men. In the course of the melee, four shots were fired, though neither Irby nor Toombs was hit. Eventually, Toombs was able to wrestle the gun away from Irby, at which point Irby fled the residence.

When officers arrived on the scene, they recovered the gun from Toombs, and also found a small bag of marijuana under a couch in his home. Toombs identified Irby as the person with whom he had struggled over the gun, and Irby was consequently arrested. In the course of questioning, Irby admitted that he had possessed the revolver and also admitted hiding the revolver under his coat when he went to Toombs's home. Subsequently, Irby was charged with and pleaded guilty to the offense of unlawful possession of a firearm by a felon in violation of 18 U.S.C. sec. 922(g)(1). He was not charged with any offense relating to his possession of marijuana. A presentence report ("PSR") was prepared, in which a probation officer recommended adjusting Irby's base offense level by four points pursuant to sec. 2K2.1(b)(5) because he had used or possessed a firearm in connection with another felony offense, namely possession of marijuana. The probation officer reasoned that Irby's possession of marijuana at the time of the firearm offense was felonious conduct under 21 U.S.C. sec. 844(a) because Irby had prior drug offense convictions. The probation officer also reported that Irby had placed a collect call to Toombs after he had entered his guilty plea but prior to sentencing. Toombs reported that in the course of that conversation, Irby had asked Toombs why he had given the gun to the police. Furthermore, according to Toombs, Irby requested that Toombs not testify against him if he were asked to do so. Based on this information, the probation officer recommended adding two points to Irby's offense level pursuant to sec. 3C1.1 for obstruction of justice. The district court imposed the two suggested enhancements and sentenced Irby to 92 months imprisonment. Irby now appeals, arguing that the imposition of an upward adjustment pursuant to sec. 2K2.1 (b)(5) was inappropriate, in that his possession of marijuana constituted a misdemeanor, rather than a felony. Irby also suggests that the imposition of an enhancement for obstruction of justice, pursuant to sec.

3C1.1, was in error, as his telephone call to Toombs did not constitute a threat.

## II.  DISCUSSION

We review a district court's application of the sentencing guidelines de novo, but defer to the court's finding of facts unless they are clearly erroneous. United States v. Payton, 198 F.3d 980, 982 (7th Cir. 1999). "A factual determination is clearly erroneous only if, after considering all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed." United States v. Messino, 55 F.3d 1241, 1247 (7th Cir. 1995) (internal quotation marks omitted).

## A. Upward Adjustment Pursuant to U.S.S.G. sec. 2K2.1(b)(5)

Irby's first contention on appeal is that the district court erred in increasing his offense level by four because he used or possessed a firearm in connection with a felony. Specifically, Irby argues that under 21 U.S.C. sec. 844(a), possession of marijuana is punishable by no more than one-year imprisonment, and that therefore his possession constituted a misdemeanor, not a felony offense. Although Irby concedes that sec. 844(a) contains provisions that increase the maximum punishment for possession of marijuana beyond one year for defendants with prior drug convictions, he asserts that prior convictions cannot be used to increase a sentence beyond the misdemeanor level unless the government files an enhancement information under 21 U.S.C. sec. 851 listing those prior convictions.

According to U.S.S.G. sec. 2K2.1(b)(5), "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by four levels." Application note 7 to Sentencing Guideline sec. 2K2.1 defines "felony offense" as "any offense . . . punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained" (emphasis added).

Irby's attempt to pigeonhole his case so that it is governed by the 21 U.S.C. sec. 851 filing requirement is unpersuasive. Simply put, Irby's marijuana possession constitutes "another felony offense" under sec. 2K2.1(b)(5). So long as an offense is punishable by more than one year of imprisonment, and is done in connection with the

use or possession of a firearm, that offense can constitute "another felony offense." See U.S.S.G. sec. 2K2.1 commentary at 7. It does not matter whether the government brought a charge or obtained a conviction on that offense. Id. Because a charge need not be brought before allowing an adjustment under sec. 2K2.1(b)(5), an information (which is required to secure the enhanced penalty under sec. 844(a)) need not be filed before applying an adjustment under sec. 2K2.1(b)(5). Irby does not contest the fact that he possessed the marijuana, nor does he challenge the fact that he has four prior state drug convictions. By his own admission, therefore, he qualifies for the enhanced felony provision of sec. 844(a). Accordingly, with or without the government filing an information pursuant to sec. 851, his possession of marijuana on February 11 constituted "another felony offense" pursuant to sec. 2K2.1(b)(5).

B. Upward Adjustment Pursuant to U.S.S.G. sec. 3C1.1

Irby's second argument on appeal is that the district court erred in giving him a two-level increase for obstruction of justice. In this regard, Irby contends that the sec. 3C1.1 enhancement was inappropriate, as his telephone call to Toombs did not constitute threatening of a witness. The sentencing court's sole evidence in support of the obstruction of justice claim came from Toombs, who testified that he had not felt threatened by his conversation with Irby. However, according to Toombs he did "believe [Irby] was trying to get me not to come to court." The district court denied Irby's objection, concluding that "what happened here constitutes an implied threat," and thus an attempt to obstruct justice.

Under sec. 3C1.1, a defendant's offense level shall be increased by two if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution or sentencing" phase of an offense. The commentary to sec. 3C1.1 provides examples of types of conduct amounting to obstruction of justice, including "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. sec. 3C1.1 commentary at 4.

The district court in this case heard Toombs's testimony and determined that the contents of Irby's telephone call to this witness constituted an "implied threat." In making that determination, the court acted well within its

discretion in crediting this testimony and making the factual finding that Irby threatened Toombs. As we stated above, a district court's factual findings made during sentencing will be overturned only if this court's review leaves us "with a definite and firm conviction that a mistake has been committed." United States v. Richards, 198 F.3d 1029, 1032 (7th Cir. 2000) (internal quotation marks and citation omitted). Irby suggests that he would have had no reason to influence Toombs's testimony because he had already pleaded guilty. But the probability of Irby's statements truly influencing Toombs's actions is irrelevant because sec. 3C1.1 specifically applies to sentencing proceedings, covers attempts to obstruct justice, and contains no requirement that the attempt to influence the witness be successful. See United States v. Buckley, 192 F.3d 708, 710 (7th Cir. 1999) ("The purpose of punishing obstruction of justice is not just to prevent miscarriages of justice but also to reduce the burden on the justice system.").

Finally, Irby's contentions that Toombs's testimony was (1) unreliable and (2) inadequate in providing the court with a basis for finding that Irby had specific intent to influence the sentencing proceedings, are likewise without merit. Although Toombs could not remember exactly what Irby told him during the telephone call, he did state several times that he remembered the substance of the conversation: "that it would be best" if Toombs did not testify. It was within the district court's discretion to credit Toombs's understanding of the reason for the phone conversation and, under the Guidelines, Irby did not have to make a direct threat in order to qualify for the obstruction of justice adjustment to his offense level, see U.S.S.G. sec. 3C1.1 commentary at 4; see also Richards, 198 F.3d at 1033 (rejecting argument that telling a person "not to talk to police is sage advice, not an obstruction of justice"); United States v. Wright, 37 F.3d 358, 362 (7th Cir. 1994) (collecting cases).

III.  CONCLUSION

The district court properly decided that Irby's possession of marijuana constituted "another felony offense" pursuant to sec. 2K2.1(b)(5). Furthermore, the court did not clearly err in finding that Irby's telephone call to Toombs constituted obstruction of justice pursuant to sec. 3C1.1. Thus, for the foregoing reasons, we Affirm the sentencing decision of the district court.