**Juan NAVARRO–MACIAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION and John Ashcroft, Attorney General of the United States, Respondents.**

**No. 00–2501.**

United States Court of Appeals, Seventh Circuit.

Argued April 25, 2001.

Decided June 19, 2001.

---

**470**

Before COFFEY, MANION and ROVNER, Circuit Judges.

### ORDER

The Board of Immigration Appeals ("BIA") ordered Juan Navarro–Macias, a native and citizen of Mexico, removed from the United States because one of his two state felony convictions for simple possession of a controlled substance constituted an "aggravated felony" under the Immigration and Nationality Act ("INA"). Navarro–Macias petitions for review, arguing that simple possession alone cannot be an "aggravated felony," and that his removal order violates the Fifth and Eighth Amendments. We dismiss this petition for lack of jurisdiction.

Navarro–Macias was indicted in Cook County, Illinois in March 1996 for the felony of simple possession of less than 30 grams of phencyclidine, or PCP, in violation of 720 ILCS 570/402(c). He was convicted, and in December 1996 sentenced to a two-year term of probation. In April 1997, while still on probation, Navarro–Macias was arrested and charged by information with two counts of possession with intent to distribute less than 10 grams of PCP within 1000 feet of a school or church in violation of 720 ILCS 570/401(e), 407(b)(3), and one count of possession of a controlled substance with intent to deliver in violation of 720 ILCS 570/401(d). Based on the new charges, an Illinois court found Navarro–Macias in violation of his probation, and sentenced him in December 1997 to a three-year prison term. At the same time, he pleaded guilty under the information to one count of the lesser-included felony offense of simple possession of a controlled substance in exchange for dismissal of the possession-with-intent-to-distribute charges. He was sentenced to a concurrent eighteen-month prison term. ˥

In 1998 the Immigration and Naturalization Service ("INS") charged Navarro–Macias as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(B)(i) for being convicted of a crime related to a controlled substance. Specifically, the INS charged that Navarro–Macias had three convictions warranting his removal: the two Illinois felony convictions for simple possession, and an Illinois felony conviction for possession of a controlled substance with intent to distribute. Navarro–Macias admitted the two simple possession convictions but denied being convicted of possession with intent to distribute. The Immigration Judge ("IJ") found that the possession-with-in-

tent-to-distribute conviction could not be substantiated, but concluded that the two simple possession convictions were sufficiently established and rendered Navarro–Macias removable as both an aggravated felon and a drug offender. The IJ ordered Navarro–Macias deported to Mexico.

Navarro–Macias appealed to the BIA. The BIA applied a two-prong test first announced in *Matter of Davis,* 20 I & N Dec. 536, 1992 WL 443920 (B.I.A.1992), and *Matter of Barrett,* 20 I & N Dec. 171, 1990 WL 385754 (B.I.A.1990) (the *"Davis/Barrett* test"), to determine whether Navarro–Macias had committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). Under the *Davis/Barrett* test, a state controlled substance conviction qualifies as an "aggravated felony" if it is (1) a felony under state law and has a sufficient nexus to unlawful trading or dealing in controlled substances to be considered "illicit trafficking" as commonly defined, or (2) analogous to a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2). The BIA applied the second prong of the test and determined that Navarro–Macias's second conviction was analogous to a felony violation of 21 U.S.C. § 844(a). Because 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," the BIA concluded that he was removable as an aggravated felon. The BIA then dismissed Navarro–Macias's appeal and entered a final order of removal.

At the outset, the government urges us to dismiss this appeal for lack of jurisdiction. Under the amendments to the INA added by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, we lack jurisdiction to review final orders of removal entered against aliens removable for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Despite the jurisdictional bar, we retain jurisdiction to determine our jurisdiction— that is, to determine whether Navarro–Macias's crimes fit within one of the provisions triggering the jurisdictional bar. *Hernandez–Mancilla v. INS,* 246 F.3d 1002, 1004 (7th Cir.2001); *Lara–Ruiz v. INS,* 241 F.3d 934, 939 (7th Cir.2001); *Solorzano–Patlan v. INS,* 207 F.3d 869, 872 (7th Cir.2000). Moreover, we retain jurisdiction under the "safety valve" exception, whereby a deportee can raise substantial constitutional claims that the BIA lacks authority to address. *See Lara–Ruiz,* 241 F.3d at 939. Safety valve jurisdiction is an exceptional procedure, however, and our jurisdiction is limited to reviewing substantial constitutional claims and preventing "bizarre miscarriages of justice." *Id.* (quoting *LaGuerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir.1998)). We conduct both jurisdictional inquiries *de novo. Solorzano–Patlan,* 207 F.3d at 872.

For purposes of drug offenses, the INA defines aggravated felony as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c) in turn defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)...." 18 U.S.C. § 924(c)(2). Thus, a state conviction for simple possession of a controlled substance is both a drug trafficking crime and an aggravated felony under the INA if it (1) is punishable under the Controlled Substances Act ("CSA") and (2) qualifies as a felony. *Amaral v. INS,* 977 F.3d 33, 36–37 (1st Cir.1992). The CSA further defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13); *see also* 21 U.S.C. § 802(44) (defining "felony drug offense" as "an offense punishable by imprisonment for more than one year under any law of the United States or of a State ... that

prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances").

Navarro–Macias's Illinois convictions for simple possession constitute at least one drug trafficking crime and hence an aggravated felony. Both of his convictions were felonies under Illinois law, 720 ILCS 570/402(c), and thus felonies as defined in the CSA, 21 U.S.C. § 802(13). Each crime would also have been punishable under the CSA. PCP is a controlled substance, 21 U.S.C. § 812(c), Sch. III(b)(7), and simple possession of a controlled substance violates 21 U.S.C. § 844(a). A simple violation of § 844(a) is only a Class A misdemeanor because it is punishable by no more than one year in prison. See 18 U.S.C. § 3559(a)(6). But a violation of § 844(a) after a prior conviction "for any drug, narcotic, or chemical, offense chargeable under the law of any State" raises the maximum prison term to two years, making the crime a Class E felony. See 18 U.S.C. § 3559(a)(5). Therefore, Navarro–Macias's second state felony conviction was not only analogous to a felony under the CSA, it was also a drug trafficking crime under 18 U.S.C. § 924(c)(2) and an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). See Amaral, 977 F.2d at 36.

Navarro–Macias asserts that the term "drug trafficking crime" should not include mere simple possession because "drug trafficking crime" is commonly understood to mean "trading in controlled substances, i.e., possession with intent to distribute." He relies on two cases from this circuit, Young v. United States, 124 F.3d 794 (7th Cir.1997), and United States v. Nash, 876 F.2d 1359 (7th Cir.1989), but neither case helps him here. The relevant question in Young was whether a defendant could be charged with carrying or using a weapon in connection with a drug trafficking crime under 18 U.S.C. § 924(c)(1) when the de-

fendant possessed the drugs but not the weapon at his arrest. See Young, 124 F.3d at 800. The definition of drug trafficking crime was not discussed. And although Nash suggests that simple possession of a controlled substance is not a drug trafficking crime under § 924(c)(2), see 876 F.2d at 1362, Congress has since amended the provision. In 1988, Congress broadened the definition of drug trafficking crime under § 924(c)(2) to encompass "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." See United States v. Valenzuela–Escalante, 130 F.3d 944, 946–47 (10th Cir.1997). The former version of § 924(c)(2) had defined drug trafficking crime merely as "any violation of Federal law involving the distribution, manufacture, or importation of any controlled substance." See Nash, 876 F.2d at 1361 (emphasis added).

Next, Navarro–Macias argues that it was inappropriate for the BIA to rely on § 844(a)'s "sentencing enhancement provision" in determining that he committed an aggravated felony. The provision of § 844(a) making its violation a felony based on a prior conviction "for any drug, narcotic, or chemical, offense chargeable under the law of any State," Navarro–Macias contends, is a sentencing factor rather than an element of the crime that cannot control whether his second Illinois conviction for simple possession would have been chargeable as a felony under the CSA. Prior convictions may not be used to increase a sentence beyond the misdemeanor level unless the government files an enhancement information under 21 U.S.C. § 851 listing the prior convictions. We recently held, however, that the § 851 filing requirement does not govern whether a state simple possession conviction would be chargeable as a felony in federal court. See United States v. Irby, 240 F.3d 597, 600 (7th Cir.2001). An offense constitutes a felony merely if it is punishable by more than one year of imprisonment. Id.

The § 851 enhancement information requirement therefore does not affect Navarro–Macias; his second Illinois felony conviction was sufficient to constitute a felony punishable under the CSA. *See id.*

Navarro–Macias also contends that the BIA, in determining whether he was an aggravated felon, misapplied two of its own precedent decisions, *Matter of K–V–D–*, Int. Dec. 3422, 1999 WL 1186808 (B.I.A.1999), and *In re L–G–*, 21 I & N Dec. 89, 1995 WL 582051 (B.I.A.1995). In both cases the BIA reversed decisions in which the IJ found the alien deportable as an aggravated felon on the basis of a single state simple-possession conviction. The BIA's reasoning in these decisions, however, does not apply to Navarro–Macias's case because his second Illinois simple possession conviction could have been prosecuted as a felony under 21 U.S.C. § 844(a). *See Amaral,* 977 F.2d at 36.

▮ Finally, Navarro–Macias raises two arguments under the safety valve exception. We have jurisdiction to review these constitutional claims only if they are substantial. *Lara–Ruiz,* 241 F.3d at 939. He contends first that the BIA violated his equal protection rights by ordering him removed as an aggravated felon under 8 U.S.C. § 1127(a)(2)(A)(iii) rather than for having committed a crime related to a controlled substance under 8 U.S.C. § 1127(a)(2)(B)(i).[1] Navarro–Macias asserts that the BIA singled him out based on the "impermissible classification" of "recidivism." This claim is insubstantial.

Convicted felons are not a suspect class, *United States v. Wicks,* 132 F.3d 383, 389 (7th Cir.1997), and Congress may permissibly create special preferences or disadvantages based on immigration classifications so long as it has a facially legitimate and bona fide reason for doing so, *Lara–Ruiz,* 241 F.3d at 947 (citing *Fiallo v. Bell,* 430 U.S. 787, 794, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977)); *see also Garcia v. INS,* 7 F.3d 1320, 1327 (7th Cir.1993) (Congress' decision to subject aliens convicted of controlled substance offenses to harsh consequences rests on a facially legitimate, bona fide reason).

▮ Navarro–Macias next asserts that the harsh consequences of removal as an aggravated felon are disproportionate to the gravity of his criminal convictions and thus constitute cruel and unusual punishment in violation of the Eighth Amendment. Removal undoubtedly can be a harsh measure and may "punish" an alien more severely than would a criminal conviction and sentence. *See Groza v. INS,* 30 F.3d 814, 822 (7th Cir.1994). But Congress' power to expel aliens is plenary–a "fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Fiallo,* 430 U.S. at 792. Congress may make rules in the immigration context that would be unacceptable if applied to citizens. *Id.* at 792. Here, Congress has chosen a harsh penalty for a broad class of controlled substance offenders, and Navarro–Macias fits within the class. Moreover,

1. We lack jurisdiction to review a final order of removal based on either classification. *See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, for Navarro–Macias this is an important distinction: permanent residents deported for committing aggravated felonies are ineligible for most forms of discretionary relief such as asylum, discretionary cancellation of removal, and voluntary departure. Aggravated felons also may not apply for readmission to the United States without the consent of the At-torney General, and are ineligible for a waiver. *See Guerrero–Perez v. INS,* 242 F.3d 727, 737 (7th Cir.2001). Moreover, aliens convicted under 8 U.S.C. § 1324 for unauthorized re-entry into the United States are subject to a substantial sentencing enhancement under U.S.S.G. § 2L1.2 if they were previously removed for committing an aggravated felony. *See United States v. Martinez–Carillo,* 250 F.3d 1101, 1102 (7th Cir.2001).

**474**

removal proceedings are civil not criminal in nature, and deportation is not "punishment" within the ambit of the Eighth Amendment. *Carlson v. Landon,* 342 U.S. 524, 537–38, 72 S.Ct. 525, 96 L.Ed. 547 (1952); *Harisiades v. Shaughnessy,* 342 U.S. 580, 594, 72 S.Ct. 512, 96 L.Ed. 586 (1952); *cf. United States v. Guzman,* 236 F.3d 830, 834 (7th Cir.2001) (removal after conviction and incarceration does not raise double jeopardy concerns).

■ In sum, Juan Navarro–Macias's two Illinois felony convictions for simple possession of PCP constituted a drug trafficking crime as defined in 18 U.S.C. § 924(c). He therefore committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B), and we lack jurisdiction to review his order of removal. Accordingly, we DISMISS this petition for review.