

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2004

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Campbell" (2004). *2004 Decisions.* Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1476
_____

UNITED STATES OF AMERICA
                                    Appellee,

v.

ALISTER CAMPBELL
                                    Appellant.

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(Crim. A. No. 03-00193)
District Judge: The Honorable Christopher C. Conner

_____

Argued: Wednesday, December 15, 2004
_____

Before: NYGAARD and GARTH, <u>Circuit</u> <u>Judges</u>, and POLLAK, <u>District</u> <u>Judge</u>[*]

(Opinion Filed: December 30, 2004)
_____

OPINION
_____

_____

[*] The Honorable Louis H. Pollak, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Garth, <u>Circuit</u> <u>Judge</u>:

Appellant Alister Campbell challenges his federal sentence of 63 months imprisonment, claiming that the application of a four-level enhancement under U.S.S.G § 2K2.1(b)(5) contravened the requirements of due process because he received insufficient notice of the other "felony offense" justifying the imposition of the enhancement. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We will affirm.

**I.**

Because we write exclusively for the benefit of the parties who are well acquainted with the facts and procedural posture of the present action, we will recount only those matters relevant to the issues before us.

On July 23, 2003, Campbell was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I), possession of a firearm by a fugitive from justice in violation of 18 U.S.C. § 922(g)(2) (Count II), possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1) (Count III), and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Count IV). Following plea negotiations, Campbell appeared before the Honorable Christopher C. Conner, U.S.D.J., and pled guilty to Count II (possession of a firearm by a fugitive). The United States reserved the right to recommend a sentence up to and including the maximum sentence of ten years.

The Presentence Report, which was prepared on December 16, 2003,

recommended a four-level enhancement under U.S.S.G § 2K2.1(b)(5) for possessing a firearm in connection with "another felony offense"– specifically, possession with intent to distribute crack cocaine. Campbell filed objections, and following a sentencing hearing on February 19, 2004, the District Court found the evidence insufficient to support the assertion that the crack cocaine was possessed with the intent to distribute. As a result, possession with intent to distribute cocaine could not serve as "another felony offense" for purposes of applying a four-level increase under § 2K2.1(b)(5).

However, the District Court still applied the four-level enhancement. The rationale was as follows: Although the District Court had found that the Government had failed to establish that Campbell's acknowledged possession of crack was for distribution rather than for personal use, possession for the defendant's own use was itself a crime. To be sure, possession for Campbell's own use would, standing alone, have been, for federal purposes, a minor crime–a misdemeanor rather than a felony. But the fact that Campbell had, at an earlier time, pled guilty in a state court to possessing drugs (marijuana) served, under the doubling provisions of 21 U.S.C. § 844(a), to convert possession of crack for personal use into a felony, and hence "another felony offense" within the meaning of § 2K2.1(b)(5). Accordingly, the District Court sentenced Campbell to serve a total term of imprisonment of 63 months, to run consecutively to a state sentence he was already serving.

This timely appeal followed. We exercise plenary review over the District Court's

interpretation and application of the Guidelines. *United States v. Carey*, 382 F.3d 387, 391 (3d Cir. 2004) (citation omitted).

## II.

Section 2K2 of the Sentencing Guidelines governs sentence determinations for convictions based on violations of federal firearms laws. In particular, § 2K2.1(b)(5) of the Sentencing Guidelines provides for a four-offense-level adjustment for a firearms offense if the defendant used or possessed any firearm "in connection with another felony offense" or "with reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5).[1] Application Note 7 to Sentencing Guideline § 2K2.1 defines "felony offense" as "any offense . . . punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."[2]

Campbell argues that the District Court erred when it imposed this four-level enhancement on his sentence without giving him proper notice. He argues that due process requires that he receive some notice of the actual "felony offense" used by the

---

[1] § 2K2.1(b)(5) provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by four levels.

[2] Commentary to the Sentencing Guidelines is authoritative unless it violates the Constitution or a federal statute or is clearly inconsistent with the text of the Guidelines. *Stinson v. United States*, 508 U.S. 36, 40-48 (1993).

court in imposing the four-level enhancement. The Government contends that Campbell received sufficient notice and, in any event, was not prejudiced by the District Court's change in justification. A threshold question here, then, concerns the degree or type of notice required for an adjustment in these circumstances.

Campbell relies heavily on the filing requirement of 21 U.S.C. § 851. That section provides, in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

Insofar as § 851 has any application here,[3] the Seventh Circuit has held that notice under § 851 is not required in order for a court to find an enhancement under § 2K2.1(b)(5). *See United States v. Irby*, 240 F.3d 597, 600 (7th Cir. 2001). We find no reason to depart from the Seventh Circuit's treatment of the issue. Accordingly, we conclude that Campbell's reliance on § 851 is misplaced.

---

[3] By its terms, § 851 applies only to those individuals who are convicted under Part D of United States Code, Title 21. Campbell was not convicted of an offense under that Part. He was convicted of being a fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2) – which is not only a different Part, but a different Title. § 851 is therefore inapplicable. The Government was not required to file an information concerning Campbell's prior drug conviction before the District Court could properly consider it. Furthermore, § 851 does not apply to sentences enhanced under the Guidelines, as was this one, as opposed to those enhanced pursuant to the statute.

We are unwilling, however, to hold that no notice is required in the present context. The notice requirement in the sentencing context emanates from the guarantee, firmly planted in the Guidelines and the Federal Rules of Criminal Procedure, of a meaningful opportunity to comment. The Sentencing Guidelines require the court to provide the parties with an adequate opportunity to present information when a sentencing factor is reasonably in dispute. *See* U.S.S.G. § 6A1.3[4]; *see also United States v. Cantero*, 995 F.2d 1407, 1413 (7th Cir. 1993) (to satisfy the procedural requirements of § 6A1.3, the district court must provide sufficient notice to parties of specific facts which the court intends to rely on). In addition, the requirements of due process have been incorporated into the Federal Rules of Criminal Procedure, which provide, in pertinent part, that "[a]t sentencing, the court: . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C); *United States v. Nappi*, 243 F.3d 758, 763 (3d Cir. 2001) (Fed. R. Crim. P. 32 "emanates from Congress' concern for protecting a

---

[4] § 6A1.3 provides:

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

(b) The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P.

-6-

defendant's due process rights in the sentencing process").

In *Burns v. United States*, 501 U.S. 129 (1991), the Supreme Court interpreted this rule as entitling defendants to "reasonable notice" before a district court considers an upward departure from the applicable Guideline range on a ground not identified as a ground for such departure either in the presentence report or in a prehearing submission by the Government. *Id.* at 138-39.[5] However, *Burns* is not controlling in this case because the District Court did not *depart* from the Guideline range, but rather *adjusted* Campbell's sentence in conformity with the applicable Guideline range identified in the Presentence Report. *See United States v. Adipietro*, 983 F.2d 1468, 1473 (8th Cir. 1993) (distinguishing between upward departures and adjustments or enhancements and holding that "[w]hile *Burns* mandates that both parties be given adequate notice before a court departs from the applicable guideline range . . . *Burns* does not mandate that adequate notice must be given before a district court addresses an adjustment or enhancement"); *United States v. Canada*, 960 F.2d 263, 266 (1st Cir. 1992) (same).

Even though *Burns* is not strictly applicable here, Rule 32 and § 6A1.3 of Guidelines would still appear to prescribe some level of notice. As we have recently held, counsel for the defendant and the government must be provided with sufficient notice to

---

[5] Fed. R. Crim. P. 32(h) was amended in 2002 to read somewhat more expansively than the holding in *Burns*. The Rule currently reads, "[b]efore the Court may depart from the applicable sentencing range on a ground not identified for departure either in the pre-sentence report or in a party's pre-hearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure."

allow an "opportunity to comment" at the sentencing hearing on the information and conclusions in the pre-sentence report and "other matters relating to the appropriate sentence." *Nappi*, 243 F.3d at 763 (quoting Fed. R. Crim. P. 32(i)(C)); *see also United States v. Carey*, 382 F.3d 387, 392 (3d Cir. 2004) ("Taken together, the Guidelines, Rules of Criminal Procedure and case law provide that, in general, when there are factors that may have a measurable effect on the applicable punishment, notice must be given to the defendant to allow an opportunity to comment on their accuracy."). When notice is required, the adequacy of notice is assessed by reference to the specific facts and circumstances of each case. *See United States v. Reynoso*, 254 F.3d 467, 474 (3d Cir. 2001) ("[W]e decline to establish a hard-and-fast rule as to how much advance notice is required; the answer will vary from case to case, depending on the complexity of the sentencing issue in dispute and the volume of additional material upon which the court intends to rely.").

The facts and circumstances of this case indicate that the notice afforded Campbell was adequate to satisfy Rule 32 and § 6A1.3 (and therefore due process). Indeed, three other circuits have essentially held that the Guidelines themselves give a defendant all the notice required regarding any adjustments a district court contemplates imposing. *See United States v. Knight,* 76 F.3d 86, 88 (5th Cir. 1996) (if defendant has actual knowledge of facts on which court bases enhancement, the Sentencing Guidelines themselves provide sufficient notice to satisfy Fed. R. Crim. P. 32 and U.S.S.G. § 6A1.3); *United*

-8-

*States v. Willis*, 997 F.2d 407, 417 (8th Cir. 1993), *cert. denied*, 510 U.S. 1050 (1994) (the guidelines themselves, the trial testimony, and the argument at the sentencing hearing were sufficient notice); *United States v. Adipietro*, 983 F.2d at 1473 (same); *United States v. Canada*, 960 F.2d at 266 (*Burns* does not require "special notice where, as here, a court decides that an upward adjustment is warranted based on offense or offender characteristics delineated within the Sentencing Guidelines themselves, at least where the facts relevant to the adjustment are already known to defendant").[6]

Here, Campbell had actual knowledge of the facts on which the District Court based the enhancement. His prior convictions were identified in the Presentence Report, including the conviction for simple possession in North Carolina. Moreover, Campbell cannot say that he was unaware that § 2K2.1(b)(5) would be an issue at sentencing. In the Presentence Report, that specific section of the Guidelines was identified as a basis for adjustment. While the specific felony used for a § 2K2.1(b)(5) enhancement was not expressly identified, the underlying facts were known to Campbell. Under these

---

[6] It should be noted that at least one circuit has expressed some disagreement with those cases. In *United States v. Jackson*, 32 F.3d 1101 (7th Cir. 1994), the Seventh Circuit held that "Rule 32 and § 6A1.3 of the Guidelines require both reasonable advance notice, *i.e.*, knowledge, of the ground on which the district court is contemplating an enhancement as well as a meaningful opportunity to challenge the issue." *Id.* at 1108 (italics omitted). As Judge Posner noted in his concurrence, *Canada* (First Circuit) and *Adipietro* and *Willis* (Eighth Circuit) may be "unrealistic," "given the too-frequent inadequacy of criminal defense lawyers." *Id.* at 1112 (Posner, J., concurring). Notably, however, the Seventh Circuit distinguished the First and Eighth Circuit cases, stating that there was no evidence in the record to indicate that the defendant had knowledge of the facts giving rise to the sentencing enhancement. *Id.*

circumstances, no further notice was required.

Moreover, even if Campbell is correct and there was not adequate notice, we have held, in an analogous context, that "[a] district court's failure to provide notice before departing upward may be considered harmless unless the defendant can prove that he would have done things differently had notice been given." *United States v. Himler*, 355 F.3d 735, 742 (3d Cir. 2004) (citations omitted). The burden is on the government to prove that the error was harmless. *See United States v. Stevens*, 223 F.3d 239, 242 n.4 (3d Cir. 2000). Whether the error was harmless depends on whether it "affect[ed] substantial rights." *Nappi*, 243 F.3d at 768. "[I]n most cases, ["affect[ed] substantial rights"] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* (citation omitted); *see also Reynoso*, 254 F.3d at 475 (trial court's violation of the Rule 32 notice requirement did not affect defendant's substantial rights, so as to merit plain error relief).

Campbell argues that he suffered prejudice from the putative lack of notice, emphasizing three ways in which the outcome may have been affected, all of which, as the Government has shown, are baseless. First, he argues that he would have "raised defenses to the application of the enhancement including the issue of whether the firearm was actually connected to the simple possession charge or merely coincidental to the controlled substance possession." Appellant's Br. at 10. But as the Government points out, Campbell testified at the sentencing hearing that the firearm had no relation to the

drugs.[7]

Second, Campbell argues that he would have challenged whether his possession of the controlled substance was "knowing." This argument is foreclosed by his admissions under oath – he testified at the sentencing hearing that he possessed the drugs for personal use.

Third, Campbell argues that he would have challenged the legal basis of the predicate conviction in North Carolina. Campbell has failed to specify a reasonable basis to challenge the prior conviction. The undisputed facts here, as reflected in the Presentence Report, are as follows: first, Campbell was tried as an adult; second, he was represented by counsel; third, he pled guilty; and fourth, he received a suspended jail sentence with a year of probation on December 2, 1998. Consequently, there is no reasonable basis upon which Campbell could challenge the predicate conviction.

Accordingly, the Government has shown that notice, if required, would not have changed the outcome of the sentencing proceedings.

## III.

We hold that the District Court committed no error under the Rule 32 and § 6A1.3

---

[7] In any event, Campbell's arrest took place when the Marshalls found him at the residence of Kenya McLaughlin in possession of a 9mm handgun and four grams of crack cocaine. The phrase "in connection with," used in § 2K2.1(b)(5), is to be construed "broadly" and "expansively." *United States v. Loney*, 219 F.3d 281, 284 (3d Cir. 2000). In light of Campbell's possession of a gun and the drugs, there is little question that the District Court properly applied the § 2K2.1(b)(5) four-level enhancement.

notice requirement, and, even if it did, such error was harmless.[8]  Accordingly, we will

affirm the Judgment of the District Court.

---

[8] Campbell further argues that the application of § 2K2.1(b)(5) nullified the negotiated plea agreement, which purportedly precluded the government from seeking enhancements based on the dismissed counts.  As the Government argues, however, it never agreed that it would forego seeking a four-level enhancement under § 2K2.1(b)(5); the plea agreement provided for the dismissal of the remaining counts, not the preclusion of sentencing enhancements.

In addition, Campbell argues that § 2K2.1(b)(5) violates due process by punishing defendants on the basis of unreliable speculation without specific guidance or regulation.  He argues, moreover, that separation of powers concerns – that the sentencing enhancement is based upon speculation of prosecutorial intent – cast doubt on the validity of § 2K2.1(b)(5).  *See* U.S.S.G. § 2K2.1, Application Note 7 (providing that the term "felony" includes any charges that "could have been brought").  Essentially, then, he challenges the constitutionality of Note 7, which is otherwise authoritative. *See supra* n.2.   No court has ever found this inclusion unconstitutional.  In any case, the District Court's sentencing decision here was based on uncontradicted facts: Campbell's admission under oath to drug possession and his prior convictions.  Nothing in the District Court's sentencing procedures implicated constitutional concerns.