**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4005**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREG BRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00116-D-16)

Submitted:  September 30, 2019                    Decided:  October 8, 2019

Before AGEE, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In October 2016, a federal grand jury returned a 49-count indictment against Greg Bright and 24 other defendants. Bright was charged only in the first count—conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, methamphetamine, heroin, and marijuana—but as against Bright, the charge was limited to unspecified quantities of cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012) (Count 1).

Bright pled not guilty, and his first trial resulted in a mistrial. After a second, three-day jury trial in August 2018, at which the Government presented testimony from multiple law enforcement officers, forensic scientists, codefendants, and coconspirators, the jury convicted Bright of Count 1. The district court sentenced Bright to 115 months' imprisonment, which was at the top of his Sentencing Guidelines range of 92-115 months. This appeal timely followed.

Bright raises four issues for our consideration. First, Bright claims the district court plainly erred in allowing three coconspirators to testify as to the meaning of code words and drug slang used in Bright's conversations with the leader of the conspiracy, Antonio McKoy, which were recorded pursuant to a Title III wiretap of McKoy's cell phone. In the same vein, Bright next argues that the district court erred in allowing DEA Special Agent Anthony DiGiovanni to testify to the meaning of the same slang and code words in these recorded conversations. Third, Bright challenges the legal sufficiency of the Government's evidence, emphasizing that if his evidentiary arguments are accepted, the Government's body of proof narrows significantly. Finally, Bright contests the district

court's calculation of his Sentencing Guidelines range in terms of the imposition of a two-level enhancement for obstruction of justice. For the reasons that follow, we affirm the judgment.

I.

Bright first assigns reversible error to the admission of the coconspirators' testimony describing the meaning of the code words and drug slang used in recorded phone conversations, as well as DiGiovanni's expert testimony on the same. We generally review a district court's evidentiary rulings for an abuse of discretion and "will only overturn a ruling that is arbitrary and irrational." *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir.) (alteration and internal quotation marks omitted), *pet. for cert. filed*, __ U.S.L.W. __, No. 19-5466 (U.S. Aug. 6, 2019). "A court has abused its discretion if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). However, we will not vacate a conviction under this standard if an error was harmless. *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019). An erroneous evidentiary ruling will qualify as "harmless," and not require remand, if this court may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Johnson*, 617 F.3d at 292 (internal quotation marks omitted).

Bright's first argument—that the district court reversibly erred in admitting the three coconspirators' lay testimony regarding the meaning of the code words and drug slang used

3

in the recorded conversations[*]—is reviewed under the deferential plain error standard because, as Bright concedes, defense counsel did not object to the admission of this testimony at trial. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016). On plain error review, "this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Rule 701 of the Federal Rules of Evidence permits lay opinion testimony as long as it is based on the witness's own perception, is helpful to the jury in understanding facts at issue, and is "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. As we have explained, "a witness's understanding of what the defendant meant by certain statements is permissible lay testimony, so long as the witness's understanding is predicated on his knowledge and participation in the conversation." *United States v. Hassan*, 742 F.3d 104, 136 (4th Cir. 2014).

While the latter component is clearly missing in this case, Bright has not identified any published Fourth Circuit or Supreme Court authority that is directly on point, and we have not found any in our consideration of this issue. Thus, in the absence of controlling circuit or Supreme Court authority, Bright cannot show that the district court's admission of this testimony amounts to error that is plain. *See United States v. Carthorne*, 726 F.3d

---

[*] These coconspirators all admitted their involvement in the drug trafficking organization operated by McKoy (hereinafter "McKoy DTO").

4

503, 516 (4th Cir. 2013) (explaining that "[a]n error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred" (internal quotation marks omitted)). Accordingly, we reject this first assignment of error.

Bright next contends the court abused its discretion in allowing DiGiovanni to testify as an expert, under Federal Rule of Evidence 702, regarding the code language used by Bright and McKoy. According to Bright, there was an inadequate foundation laid to qualify DiGiovanni as an expert on this matter.

As the evidentiary gatekeeper, the district court must ensure that the expert evidence is reliable under Rule 702, which requires the court to "decide whether the expert has 'sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.'" *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162 (4th Cir. 2012) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999)). In making this decision, the court should "consider the proposed expert's full range of experience and training." *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009). "[A] witness' qualifications to render an expert opinion are . . . liberally judged by Rule 702." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). "We review a district court's decision to qualify an expert witness, as well as the admission of such testimony, for abuse of discretion." *United States v. Garcia*, 752 F.3d 382, 390 (4th Cir. 2014).

On this record, we conclude that the district court did not abuse its considerable discretion in qualifying DiGiovanni as an expert and allowing him to testify as to the meaning behind the code words and drug slang used in the recorded conversations between McKoy and Bright. Although DiGiovanni was not involved in investigating the McKoy

5

DTO, he worked as a DEA Task Force Agent for 12 years and served in a law enforcement capacity for about 30 years. DiGiovanni's current assignment included conducting drug trafficking investigations, which encompassed monitoring and intercepting recorded conversations. DiGiovanni had interviewed many defendants in drug trafficking cases and worked in an undercover capacity. Because "courts of appeals have routinely held that law enforcement officers with extensive drug experience are qualified to give expert testimony on the meaning of drug-related code words," *United States v. Wilson*, 484 F.3d 267, 275 (4th Cir. 2007) (collecting cases), we reject this assigned evidentiary error.

## II.

Bright next challenges the district court's denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal, asserting that the Government's evidence of his guilt was legally insufficient. A defendant challenging the sufficiency of the evidence to support his conviction bears "a heavy burden." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). "Substantial evidence," as we have explained, "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *McLean*, 715 F.3d at 137 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case

6

where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To establish guilt of conspiracy to distribute controlled substances, the Government must prove that (1) an agreement to possess the controlled substance with intent to distribute existed between two or more individuals; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement." *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Thus, "[a] conspiracy may be proved wholly by circumstantial evidence." *Allen*, 716 F.3d at 103 (internal quotation marks omitted). Once a conspiracy is proven, "the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction." *Id.* (internal quotation marks omitted).

The Government submitted overwhelming evidence to establish the underlying conspiracy—the McKoy DTO. The testimony deciphering the conversations captured via the Title III wiretap of McKoy's cell phone, considered in conjunction with the testimony of cooperating codefendants, was more than sufficient to link Bright to the conspiracy. Accordingly, we affirm the district court's denial of Bright's Rule 29 motion.

III.

Finally, Bright maintains that there is a lack of record support for the two-level obstruction-of-justice enhancement applied at sentencing. We disagree.

This court "review[s] criminal sentences for reasonableness using an abuse of discretion standard. A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (citation omitted). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

The Sentencing Guidelines provide for a two-level adjustment to a defendant's offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S. Sentencing Guidelines Manual § 3C1.1 (2016). Obstructive conduct within the meaning of § 3C1.1 includes, but is not limited to, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." *Id.* cmt. n.4(a). Whether a defendant obstructed justice is a factual question reviewed for clear error. *United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004).

The obstruction of justice enhancement in this case was based on Bright's remark directed at the case agent. In overruling Bright's objection to this enhancement, the district court credited the case agent's testimony as to the substance of Bright's comment, which was made during Bright's first trial, and found that it was uttered in a menacing nature, given Bright's use of profanity and contemporaneous direct stare at the case agent. This is a credibility determination to which we will defer. *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). The court further ruled that the tense and charged atmosphere during the first trial supported the view that Bright made this comment, in this manner, in an attempt to intimidate the case agent. Upon review, we find no clear error in the court's determination that Bright's statement to the case agent constituted an attempt to intimidate a witness in his prosecution. *See*, *e.g.*, *United States v. Robinson*, 813 F.3d 251, 263 (6th Cir. 2016) (upholding § 3C1.1 enhancement and finding no clear error in this ruling given that defendant "menacingly confronted the government employees outside the courthouse by making a noise to get their attention, then staring at them and puffing out his chest"); *United States v. Irby*, 240 F.3d 597, 601 (7th Cir. 2001) (explaining that, under the Guidelines, the defendant need not "make a direct threat in order to qualify for the obstruction of justice adjustment" because an implied threat qualifies as an attempt to obstruct justice, which is likewise subsumed in USSG § 3C1.1).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*